HENRY STEELE V. STATE OF NEBRASKA.

FILED NOVEMBER 9, 1907.   No. 15,242.

1. **Burglary:** STOREHOUSE.  A vat six or eight feet deep and six feet in diameter, constructed of heavy oak timbers, which is partly sunk in the ground, having a hinged cover secured in place by a lock, and which is used for storing hides, awaiting sale, is a "storehouse," within the meaning of that word, as used in section 48 of the criminal code.

2. **Trial:** WITNESSES: CREDIBILITY: QUESTIONS FOR JURY.  The fact that a witness testifies to matters on his cross-examination which are somewhat inconsistent with his direct evidence does not warrant the court in rejecting his testimony altogether, for it is the province of the jury to determine the matter of the credibility of the witnesses, and the weight which should be given to their evidence.

ERROR to the district court for Otoe county: PAUL JESSEN, JUDGE.  *Affirmed.*

*D. W. Livingston* and *A. P. Moran,* for plaintiff in error.

*W. T. Thompson, Attorney General,* and *Grant G. Martin, contra.*

BARNES, J.

Henry Steele, who was the defendant in the district court, was convicted of the crime of burglary, and brings the case here for review.  He was charged in the information with breaking and entering a certain storehouse and stealing therefrom four certain hides, of the value of $20.  It appears from the evidence that the hides in question were stored, awaiting sale, in a structure or repository originally constructed for a beer vat; that it was built of heavy oak timbers, was six or eight feet deep by six feet in diameter, was partly sunk in the ground, and had a hinged cover which was secured in placed by a lock.  This receptacle had been continuously used for storing hides

for about eight years, and was being used **for** that purpose when the burglary in question took place. It also appears that the lock above mentioned was broken, and four of the hides contained in the structure were stolen therefrom.

It is strenuously contended that this repository was not a storehouse, within the meaning of the section of the criminal code upon which the prosecution was based. It is said that it is not a house, and therefore cannot be a storehouse. We find, however, that the word "storehouse" is defined by the adjudicated cases to be a house in which things are stored; a building for the storing of grains, foodstuffs, or goods of any kind; a magazine; a repository; a warehouse. *State v. Sandy,* 25 N. Car. 570; *Ray v. Commonwealth,* 75 Ky. 397; *Johnson v. State,* 19 Ala. 527. In *Benton v. Commonwealth,* 91 Va. 782, 21 S. E. 495, it was said that the word storehouse includes a meathouse where meat is stored and kept. The term storehouse, as used in our statute, necesarily means some kind of a structural barrier to the ingress of the public. A repository or receptacle where goods are stored is a storehouse. Such a structure need not be a house or a building, strictly speaking. It is enough if it is shown to be a structure properly barred from entrance by the public, where goods are stored and kept. In Bishop, Statutory Crimes (3d ed.), sec. 293, it is said: "In popular language, and by the better opinion in legal, this word (warehouse) signifies an apartment or building for the temporary deposit of goods. Therefore, a cellar wherein they are kept to be removed when wanted for sale, * * * is a warehouse." It is said in 1 Wharton, Criminal Law, sec. 794c, that the word storehouse is a wider and more comprehensive term than warehouse. And in *Metz v. State,* 46 Neb. 547, we held that a corncrib is a storehouse. The defendant in this case, in order to obtain the hides which were stolen, was obliged to break the lock, or, in other words, break and enter the vat, and such breaking and entering of the structure in question constitutes burglary, within the meaning of the section of the criminal code defining that crime.

Defendant's second contention is that the district court erred in refusing to instruct the jury that the receptacle which contained the hides alleged to have been stolen "is not a storehouse, within the meaning of the statute defining and describing burglary." What we have said in disposing of the first assignment obviates the necessity of any discussion of this question, and it is sufficient to say that the instruction was properly refused.

Finally, it is urged that the court erred in not excluding the evidence of the witness E. G. Mueller as to the matter of the identification of the stolen hides. It is said that, although the witness positively identified them in his direct examination, yet on his cross-examination he admitted that he had not seen the cattle killed. While such an admission may have had a tendency to discredit the evidence of the witness, yet the court could not for that reason reject his evidence; and its probative force was properly left for the determination of the jury. The same may be said of the evidence of the witness Wells, of which a like complaint is made.

As we read the record, the defendant was given a fair and impartial trial, and the judgment of the district court is therefore

AFFIRMED.