STATE OF NEBRASKA, APPELLEE, v. RICHARD HOYE, APPELLEE, IMPLEADED WITH WAYNE WIEMERS, APPELLANT.
118 N. W. 2d 325

Filed November 30, 1962. No. 35284.

Andrew J. McMullen, for appellant.

Clarence A. H. Meyer, Attorney General, and Homer G. Hamilton, for appellee State of Nebraska.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

YEAGER, J.

This is a criminal action wherein in an information filed by the county attorney of Buffalo County, Nebraska, in the name of the State of Nebraska, plaintiff, Richard Hoye and Wayne Wiemers, defendants, were charged with the offense of attempted burglary, which offense, it was alleged, was committed on or about December 3, 1961. The alleged attempted burglary was the breaking and attempted entering of a gasoline storage tank, which tank was denominated a storehouse.

The two were convicted of the offense and Hoye was sentenced to serve a term of 1 year in the Nebraska State Reformatory for Men, and Wiemers was sentenced to serve a term of 1 year in the Nebraska State Penitentiary. Wiemers filed a motion for new trial or in the alternative for judgment notwithstanding the verdict. This motion was overruled. From the order overruling the motion and the judgment sentencing him to serve the term imposed he has appealed. Hoye is not a party to the proceeding in this court. Wiemers will therefore hereinafter be referred to as the defendant.

There is no dispute in the record as to the facts which are by the information alleged to be a criminal offense. The only substantial contention of the defendant is that the acts charged against the defendant and proved do not constitute the criminal offense of attempted burglary within the meaning of the laws of this state.

The brief of the defendant contains four separate assignments of error. They do not, however, require specific mention for the reason that they must stand or fall upon a determination of whether or not the acts of the defendant amounted to the criminal offense charged.

The facts are that on and prior to the date of the offense charged herein, the Kearney Country Club of Kearney, Nebraska, had and maintained on its grounds a steel gasoline tank with a capacity of about 300 gallons. The tank was not within or connected with any other building or structure, but was located 5 to 10 feet

from the nearest building. The tank was attached to steel poles which were anchored in bases of concrete. There was a spigot in the tank for the removal of gasoline from the tank protected by a metal hasp to which was attached a padlock, the purpose of which was to prevent access to the gasoline in the tank. Unauthorized access could be had by breaking the lock, removing the hasp, and turning the spigot.

The purpose of the tank was to have a supply of gasoline to be used to furnish fuel for the motor equipment used by the Kearney Country Club. It was subject to withdrawal by certain employees of the club.

In the early morning of December 3, 1961, noises were heard in the vicinity of the tank by employees of the club. They went out and identified the defendant in the immediate vicinity of the tank. He escaped with someone else in an automobile. The described protective features of the tank were broken making available a withdrawal of gasoline from the tank. These were found in the vicinity of the tank.

On the trial the jury effectually found that the evidence was sufficient as proof that the defendant had committed these acts and the defendant does not dispute here the validity of that finding, and for these reasons it does not appear that the evidentiary details require statement herein.

The basic contention of the defendant is that the gasoline tank was not a storehouse within the meaning of the statute defining the crime of burglary. This definitive statute is section 28-532, R. R. S. 1943. Section 28-532.01, R. S. Supp., 1961, provides as follows: "Whoever attempts any act prohibited by section 28-532, shall be guilty of attempted burglary * * *." One of the acts prohibited is the breaking and entering of a storehouse.

This court, in Metz v. State, 46 Neb. 547, 65 N. W. 190, approved from the Century Dictionary the following as a proper definition of storehouse: "A house in which things are stored; a building for the storing of grain,

food-stuffs, or goods of any kind; a magazine; a repository; a warehouse; a store." This was approved in Steele v. State, 80 Neb. 9, 113 N. W. 798, 127 Am. S. R. 741. In the latter case it was said: "The term storehouse, as used in our statute, necessarily means some kind of a structural barrier to the ingress of the public. A repository or receptacle where goods are stored is a storehouse. Such a structure need not be a house or a building, strictly speaking. It is enough if it is shown to be a structure properly barred from entrance by the public, where goods are stored and kept."

Moss v. Commonwealth, 271 Ky. 283, 111 S. W. 2d 628, was a case wherein the court held that a gasoline storage tank buried in the ground was a storehouse.

In the light of the definitive language contained in these cases, the conclusion reached is that within the meaning of the statute the gasoline tank described in the evidence was a storehouse. The judgment of the district court is therefore affirmed.

AFFIRMED.