DOWNEY, Judge.
Appellant was charged with, among other things, breaking and entering a storehouse or vessel, to wit, a gasoline storage tank, with intent to commit petit larceny in violation of § 810.05, F.S.1973. Upon denial of his motion to dismiss, appellant pleaded nolo contendere, reserving the right to appeal.
Appellant was arrested when caught in the process of siphoning gasoline from an underground gasoline storage tank at a service station. At the time of the incident there were about 600 gallons of gasoline in the tank. Entrance to the tank was made by removing a metal manhole-type cover which was flush with the pavement. Beneath the cover is the top of a pipe leading vertically down through the ground into a storage tank. The cover at the top of the pipe is easily removed by hand. Appellant had inserted a long plastic hose through the manhole cover opening into the underground tank. The upper part of the hose led to appellant’s automobile gas tank which was positioned directly over the opening in the pavement.
The sole point on appeal is whether or not an underground gasoline storage tank can be the subject of a breaking and entering as being a storehouse or vessel, as contemplated by § 810.05, F.S.1973.
It seems clear to us that a gasoline storage tank is not a vessel within the meaning of § 810.05, F.S.1973, which provides : “Whoever breaks and enters or enters without breaking any dwelling or store house, or any building, ship, vessel, or railroad car with intent to commit a misdemeanor . . .” The word “vessel” is placed between the words “ship” and “railroad car,” both of which refer to vehicles of transportation. Although a vessel can mean a utensil used as a container or a tube or canal for circulating body fluid, or a craft designed to navigate on water, or an airship (see Webster’s Dictionary, 7th Edition), its use in legal terminology generally refers to a marine structure intended for transportation. See Black’s Law Dictionary, Revised Fourth Edition. City of Tampa v. Tampa Shipbuilding & Engineering Co., 136 Fla. 216, 186 So. 411. It is our view that the word “vessel” as used in the statute in question means a marine, structure intended for transportation. Thus, a gasoline storage tank would not be included within that definition.
In Green v. State, 40 Fla. 191, 23 So. 851 (1898), while sustaining an attack upon an indictment for breaking and entering a storehouse, the court defined a storehouse as a building for keeping goods of any kind, especially provisions; a magazine; a repository; a warehouse. Some years later our Supreme Court in Kirkland v. State, 142 Fla. 73, 194 So. 624 (1940), held that an above the ground gasoline storage tank is not a storehouse within the contemplation of § 7220 C.G.L. (the predecessor of § 810.05, F.S.1973), and hence one may not be guilty of breaking and entering such a storage tank — the most he can be guilty of is larceny. Thus, the question involved here is no longer the subject of debate in Florida.
This is not a novel question; it has been treated elsewhere. In Moss v. Com *787 monwealth, 271 Ky. 283, 111 S.W.2d 628 (1938), and State v. Hoye, 174 Neb. 409, 118 N.W.2d 325 (1962), gasoline storage tanks, one under and one above ground, were held to be storehouses within the meaning of their respective burglary statutes. Both cases are persuasive. However, true to the lesson taught in Hoffman v. Jones, Fla.1973, 280 So.2d 431, whether we agree with the decision of the Supreme Court decided over thirty years ago in Kirkland v. State, supra, we must follow it. To quote our erstwhile brother, Judge Mann, in Johnson v. Johnson, Fla.App. 1973, 284 So.2d 231, we receive the interpretation of the law “from our Supreme Court, agreeing with some, disagreeing with some, following all . . .
Accordingly, the judgment and sentence appealed from is reversed and the cause is remanded with directions to dismiss the charge contained in Count I of the information filed in this case.
CROSS and MAGER, JJ., concur.