442 So.2d 284 (1983)
Reginald ROBINSON, Appellant,
v.
STATE of Florida, Appellee.
No. 83-782.
District Court of Appeal of Florida, Second District.
November 23, 1983.
Rehearing Denied December 19, 1983.
*285 Jerry Hill, Public Defender, and Michael E. Raiden, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and William E. Taylor, Asst. Atty. Gen., Tampa, for appellee.
OTT, Chief Judge.
Appellant challenges the denial of his motion to dismiss. We affirm.
Appellant pled guilty to two counts of uttering a forged instrument and one count of grand theft. On July 22, 1982, he was placed on probation for a period of six months for each count, to run concurrently. As a special condition of probation, he was ordered to pay restitution.
On January 20, 1983, two days before probation was to expire, the trial judge received a letter from appellant's probation officer advising of appellant's failure to pay restitution. Without notice to appellant or a hearing, the judge entered an order extending the probationary term for an additional six months. Restitution continued to be a condition of probation.
On March 7, 1983, appellant's probation officer filed an affidavit charging that appellant had violated probation in three respects: (1) he had not filed monthly reports for November and December, 1982, and January, 1983, as ordered by condition one; (2) he was $40 in arrears on his $10 per month cost of supervision imposed by condition two; and (3) he had failed to pay $30 toward restitution as instructed by the probation officer on January 25, 1983.
Appellant was arrested pursuant to a warrant and a hearing was scheduled. Counsel for appellant filed a motion to dismiss, alleging that the trial court's order extending probation was void because appellant did not receive notice and a hearing. The trial court agreed and set aside the order, but ruled that the January 20, 1983, letter served to initiate violation proceedings prior to the expiration of the probationary term. The court proceeded with the hearing, found appellant guilty of violating probation, and extended probation until December 1, 1983. Appellant's counsel did not object to proceeding in this manner.
Revocation or modification of probation proceedings must be set in motion prior to the end of the period of probation. Bouie v. State, 360 So.2d 1142 (Fla. 2d DCA 1978); Carpenter v. State, 355 So.2d 492 (Fla. 3d DCA 1978). The letter was filed and recorded in appellant's court file on January 20, 1983, prior to the expiration of his probationary term.
Appellant's attorney did not object to the court's use of the letter as the initiator of modification proceedings. Unless this constituted fundamental error, appellant cannot object for the first time on appeal. See Clark v. State, 363 So.2d 331 (Fla. 1978).
"Fundamental error" is error which goes to the foundation of the case or goes to the merits of the cause of action. Even constitutional errors, other than those constituting fundamental error, are *286 waived unless timely raised in the trial court. Id., 363 So.2d at 333. Fundamental error is error amounting to a denial of due process. Ray v. State, 403 So.2d 956 (Fla. 1981).
Probation is a matter of grace rather than right. The trial judge has broad discretionary power to grant as well as revoke probation. This discretionary power must be exercised in accordance with certain due process requirements. Bernhardt v. State, 288 So.2d 490 (Fla. 1974). The supreme court in Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), set out the minimum requirements of due process in a revocation of parole setting. These requirements were made applicable to probation revocations in Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). They include (a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses; (e) a "neutral and detached" hearing body; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking parole. Morrissey; see also Bernhardt, 228 So.2d at 499.
In the instant case, appellant was afforded basic due process. He received notice of the violation charges and received a fair hearing. We find no deprivation of due process in allowing the letter to serve as the instrument initiating the violation proceedings. Therefore, because appellant did not object, he waived his right to appeal.
AFFIRMED.
RYDER and DANAHY, JJ., concur.