520 So.2d 606 (1987)
Gregory Paul WALKER, Appellant,
v.
STATE of Florida, Appellee.
No. BK-226.
District Court of Appeal of Florida, First District.
October 15, 1987.
*607 Henry M. Coxe, III of Coxe and Schemer, Jacksonville, and Peter L. Dearing, Jacksonville, for appellant.
Jim Smith, Atty. Gen., and John W. Tiedemann, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
This cause is before us on appeal from a judgment and sentence entered on December 11, 1985, in which appellant, Gregory Walker, was convicted of second-degree murder and sentenced to 17 years of imprisonment. Appellant raises three issues for our consideration: (1) whether the trial court erred in failing to instruct the jury on the law of justifiable and excusable homicide contemporaneously with the instruction on manslaughter; (2) whether the trial court erred in prohibiting appellant from testifying about statements he made to police shortly after the killing; and (3) whether the trial court erred in denying appellant's motion for acquittal on grounds that the evidence was legally insufficient to support a conviction for second-degree murder. We do not address issue two since counsel expressly abandoned that issue below, it was not ruled on by the trial court, and it is not properly before us on appeal. Our resolution of issue one makes it unnecessary to address issue three.
The victim, Thomas P. Roney, often met with appellant and others at a local gas station to drink beer and socialize. On July 11, 1985, appellant, Roney, Michael Baker, and Truman "Buck" Sellers met after work and began drinking. Soon, an argument developed between Roney and appellant. The argument grew worse after the two arm wrestled for a $20 bet, which appellant lost. Appellant accused Roney of winning unfairly and wanted a rematch for a $100 prize. Roney said he had already won once and did not need to take any more of appellant's money. At this point the testimony diverged.
According to Sellers, appellant became angry, slapped Roney, and began to force a fight. Roney reacted with model restraint, backing off and refusing to swing, although appellant punched him several times and tried to kick him. Roney, who was considerably bigger than appellant, kept saying he did not want to hit him. Roney broke off the fight, the two calmed down, and appellant got into his van. Roney and appellant continued talking, when appellant got excited and tried to bait Roney into hitting him. Roney refused, and appellant stabbed him in the heart.
Appellant and Michael Baker, his friend, told a somewhat different story. According to them, appellant tried to break off the fight and Roney pursued, attacking appellant while he was in his van. Appellant stabbed Roney, but it was either accidental or in self-defense.
The judge instructed the jury on the elements of second-degree murder and the lesser included offense of manslaughter, but appellant objected to the instruction. He argued that the instruction was deficient because, as read, it equated noncriminal conduct with manslaughter. While counsel were arguing the issue, the jury *608 submitted a written request for copies of the definitions of second-degree murder and manslaughter. The jury was brought in, and the judge told them he was not allowed to give them written copies of only those two definitions but also had to reinstruct them on the elements of the crime charged, the lesser included offenses, and the statutory defenses thereto. The judge then reinstructed the jury on manslaughter and the manslaughter defense of justifiable homicide, but did not read the complete instruction on the defense of excusable homicide. Instead, the court read only the abbreviated definition of excusable homicide included in the introduction to homicide instructions. This abbreviated instruction was not read contemporaneously with the manslaughter and justifiable homicide instructions. Following the reinstructions, the jury convicted appellant of second-degree murder.
In Ortagus v. State, 500 So.2d 1367 (Fla. 1st DCA 1987), this court held that it was reversible error for the trial court to fail to give a full instruction on excusable and justifiable homicide contemporaneously with the instruction on manslaughter. Ortagus at 1370. Florida courts have generally held that an instruction defining justifiable and excusable homicide is required for a complete instruction on the crime of manslaughter. Alejo v. State, 483 So.2d 117, 118 (Fla. 2d DCA 1986).
The Ortagus court further held that even though the jury was given an abbreviated instruction on justifiable and excusable homicide at the beginning of the homicide instructions, it was reversible error not to read the justifiable and excusable homicide defenses in their entirety contemporaneously with the manslaughter instruction given later. Ortagus at 1370. This is because manslaughter is a residual offense, defined by what it is not. See Kelsey v. State, 410 So.2d 988 (Fla. 1st DCA 1982). Consequently, the failure to fully instruct on the applicable defenses results in omitting material elements of the offense, which is necessarily misleading and prejudicial to the accused. Ortagus at 1370, citing Croft v. State, 117 Fla. 832, 158 So. 454, 455 (1935); Hedges v. State, 172 So.2d 824 (Fla. 1965).
Since the decision in Ortagus is controlling on these facts, we must REVERSE and REMAND this cause for a new trial.[1]
SMITH, C.J., and ERVIN and BOOTH, JJ., concur.
NOTES
[1] Appellant was initially represented by the public defender, who filed an "Anders" brief. Appellant's trial counsel, Henry M. Coxe III and Peter L. Dearing, then moved to intervene as pro bono counsel and filed briefs for appellant. These briefs greatly assisted the court in the disposition of this cause.