518 So.2d 1305 (1987)
William Thomas BRADY, Appellant,
v.
The STATE of Florida, Appellee.
No. 86-1647.
District Court of Appeal of Florida, Third District.
November 10, 1987.
*1306 Hershoff & Levy and Jay Levy, Robert Kanzinger, Miami, for appellant.
Robert A. Butterworth, Atty. Gen. and Mark S. Dunn, Asst. Atty. Gen., for appellee.
Before BARKDULL, HENDRY and JORGENSON, JJ.

REVISED OPINION
BARKDULL, Judge.
The appellant was informed[1] against for a violation of Section 817.234(8), of the Florida Statutes (1985).[2] He filed a motion to dismiss pursuant to Rule 3.190(c)(4) of the Florida Rules of Criminal Procedure, contending that no crime had been charged.
The motion read as follows:
The defendant, WILLIAM BRADY, by and through his undersigned attorney, files this sworn motion to dismiss the Information filed against him in this cause pursuant to the provision of Rule 3.190c(4) of the Florida Rules of Criminal Procedure and as grounds for same alleges:
That there are no material disputed facts and that the undisputed facts do not establish a prima facie case of guilt against the defendant and in support of this motion alleges that all the undisputed facts and the total evidence of the State against the defendant consists of the following:
On Monday afternoon, June 3, 1985, the defendant arrived at the scene of an automobile accident that had occurred at Sunset Drive and 61st Avenue in South Miami. The defendant walked up to Susan Alters, the driver of one of the cars involved in the accident, and said "Oh, it looks like you're in trouble." She said no, that everything was under control. The defendant handed her a business card containing an address and telephone number. He said "I'm associated with a law firm which specializes in accident cases that can be of help to you. Call me as soon as you can if you feel you need my services." The defendant then took some photographs of the scene and left. Attached hereto as evidence are all versions of Susan Antons (sic) statements marked as Exhibits I through 4 and made a part hereof.
THE APPLICABLE LAW
The defendant would rely on the case of State v. Gaines, 431 So.2d 736 (Fla. 4th DCA 1983) which holds that where a solicitation is conditional, it does not constitute a crime. In Gaines, the defendant, who was charged with the crime of solicitation, and who had engaged in serious discussions with others about maiming her stepson, had not committed the crime of solicitation where she stated that she would decide at a later date if *1307 she wished the "hit man" to proceed. In affirming the trial court's dismissal of the information, the Court held that the defendant
"... saved herself from criminal prosecution  not by saying that the act would take place some months in the future  but by making it plain that she would make her decision at that time whether the `hit man' should proceed.
Accordingly, the record establishes as a matter of law the absence of any present intent by appellee that another person commit a crime  today or in the future."
In the case at bar, the defendant offered Susan Alters his help "if you think you need my services." The latter statement made the alleged solicitation conditional, and therefore as a matter of law, did not constitute a crime.
This was met by a demurrer from the state.[3] Following argument the trial court denied the motion to dismiss. The appellant then withdrew his not guilty plea and pled nolo contendere, reserving the right to appeal the ruling on the motion to dismiss.[4] The trial court then withheld adjudication and placed the defendant on eighteen months probation. This occurred on April 8, 1986. On April 24 the defendant made a post conviction motion in arrest of judgment and for a new trial.[5] This post conviction motion was mailed on April 18, 1986, received by the state April 21, 1986 and filed of record on April 24, 1986. The state moved to strike the post conviction motion upon two grounds, first, that it was not permitted following a conviction after a nolo or guilty plea and second, even if available, it was not timely filed. The state further alleged that on the merits it was not well taken. The trial court denied the motion to strike, heard the post conviction motions and denied same.
The appellant appeals his conviction and the state cross-appeals the denial of its motion to strike.[6]
The appellant urges that his admitted statement quoted in his motion to dismiss was conditional and therefore could not constitute solicitation. State v. Gaines, 431 So.2d 736 (Fla. 4th DCA 1983). We do not agree. He appeared on an accident scene, he took pictures that could be useful to one involved in the accident, he said he worked with an attorney and offered assistance. We find that these actions and the reasonable inferences therefrom to meet the definition of solicitation. We find no error in the denial of the motion to dismiss.
*1308 Turning next to the post conviction motions, we find that they are not available to a defendant that pleads guilty. See United States v. Prince, 533 F.2d 205 (5th Cir.1976); Williams v. United States, 290 F.2d 217 (5th Cir.1961); compare Morehouse v. State, 276 So.2d 530 (Fla. 3d DCA 1973). A plea of nolo contendere for post trial motions is considered as a plea of guilty. Stovall v. State, 252 So.2d 376 (Fla. 4th DCA 1971); Russell v. State, 233 So.2d 148 (Fla. 4th DCA 1970). Even if these motions were available, they were not filed within the time provided by the rules and therefore they should not have been considered by the trial court. State v. Robinson, 417 So.2d 760 (Fla. 1st DCA 1982); Denard v. State, 410 So.2d 976 (Fla. 5th DCA 1982).
Finally, as to the right to raise a constitutional issue for the first time on appeal, there can be no question that a constitutional infirmity, other than those constituting fundamental error, may be waived by failure to timely raise the question in the trial court. See Trushin v. State, 425 So.2d 1126 (Fla. 1983); Johnson v. State, 495 So.2d 188 (Fla. 2d DCA 1986); Robinson v. State, 442 So.2d 284 (Fla. 2d DCA 1983). In the instant case, the constitutional issue raised herein challenges the constitutional application of the statute to a particular set of facts, to wit: whether or not the speech complained of was commercial speech protected by the First Amendment to the Constitution of the United States. Thus, the issue must be raised in the trial court or be deemed waived. See Trushin v. State, supra; Manning v. State, 461 So.2d 1025 (Fla. 4th DCA 1985); Springfield v. State, 443 So.2d 484 (Fla. 2d DCA 1984). A plea of nolo contendere has the same effect as a plea of guilty. Chesebrough v. State, 255 So.2d 675 (Fla. 1971). A plea of guilty constitutes a waiver of certain constitutional rights including even the most fundamental rights if it is made voluntarily and the defendant understands the nature of the charge and the consequences of the plea. See and compare Williams v. State, 316 So.2d 267 (Fla. 1975); Mower v. State, 308 So.2d 586 (Fla. 1975); but see Menna v. New York, 423 U.S. 61, 96 S.Ct. 241, 46 L.Ed.2d 195 (1975). As the record herein demonstrates, the trial judge complied with the pronouncements of Rule 3.170(j) Fla.R.Crim.P. and Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). The plea of nolo contendere was properly accepted in the instant case and the defendant has waived the right to raise the question of violation of his first amendment rights and it will not be considered by this court. Therefore, the adjudication and sentence under review be and they are hereby affirmed.
Affirmed.
NOTES
[1] INFORMATION FOR INSURANCE FRAUD (SOLICITATION) 817.234(8) IN THE NAME AND BY AUTHORITY OF THE STATE OF FLORIDA:

1, Chet Zerlin, Assistant State Attorney of the Eleventh Judicial Circuit of Florida, on the authority of JANET RENO, State Attorney, prosecuting for the State of Florida, in the County of Dade, under oath, information makes that WILLIAM THOMAS BRADY also known as BILL BRADY on the 3rd day of June, 1985, in the County and State aforesaid, did knowingly solicit business upon a public street or highway for the purpose of making a motor vehicle tort claims or claims for personal injury protection benefits required by Section 627.736 Florida Statutes, in violation of 817.234(8) Florida Statutes.
[2] Florida Statute 817.234(8), (1985)

False and fraudulent insurance claims
(8) It is unlawful for any person, in his individual capacity or in his capacity as a public or private employee, or for any firm, corporation, partnership, or association, to solicit any business in or about city receiving hospitals, city and county receiving hospitals, county hospitals, justice courts, or municipal courts; in any public institution, in any public place; upon any public street or highway; in or about private hospitals, sanitariums, or any private institution; or upon private property of any character whatsover for the purpose of making motor vehicle tort claims or claims for personal injury protection benefits required by s. 627.736. Any person who violates the provisions of this subsection is guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
[3] The effect of the demurrer was to admit the truth of the factual statements made in the motion to dismiss. State v. Smith, 376 So.2d 261 (Fla. 3d DCA 1979); State v. Giesy, 243 So.2d 635 (Fla. 4th DCA 1971).
[4] Both parties stipulated that this issue was dispositive of the matter. Zeigler v. State, 471 So.2d 172 (Fla. 1st DCA 1985), Pet. for Rev. den. 479 So.2d 118 (Fla. 1985); Finney v. State, 420 So.2d 639 (Fla. 3d DCA 1982).
[5] MOTION FOR NEW TRIAL AND/OR IN ARREST OF JUDGMENT

COMES NOW the Defendant, WILLIAM BRADY, by and through his undersigned attorneys, and moves this Court for new trial and/or for arrest of judgment as follows:
1. The statute under which the Defendant WILLIAM BRADY was found guilty (with adjudication withheld) is unconstitutional as a violation of the First Amendment to the United States Constitution made applicable upon the states by the Fourteenth Amendment to the United States Constitution on the basis that any comments made by Defendant BRADY assuming for purposes of argument the truth of the STATE'S fact pattern was commercial speech that is protected.
2. Further the statute under Defendant WILLIAM BRADY was found guilty is unconstitutional under the Constitution of the State of Florida in that:
a. It contains two separate and distinct subjects, to wit: Insurance Fraud and Solicitation under the same heading in contravention of Article III, Section 6, Florida Constitution:
b. The subject of solicitation is not expressed in the title in contravention of Article III, Section 6, Florida Constitution.
* * * * * *
[6] Mixon v. State, 59 So.2d 38 (Fla. 1952); Ramos v. State, 457 So.2d 492 (Fla. 3d DCA 1984); Section 924.07(4) Fla. Stat. (1985); Rule 9.140(c)(1)(H) Fla.R.App.P.