535 So.2d 674 (1988)
Joey Luis ROJAS, Appellant,
v.
STATE of Florida, Appellee.
No. 87-1571.
District Court of Appeal of Florida, Fifth District.
December 22, 1988.
*675 James B. Gibson, Public Defender, and Brynn Newton, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Paula C. Coffman, Asst. Atty. Gen., Daytona Beach, for appellee.
SHARP, Chief Judge.
Rojas appeals his conviction and sentence for second-degree murder.[1] He argues the trial court committed fundamental error in failing to fully and correctly instruct the jury concerning the definitions of excusable and justifiable homicide, in conjunction with its instruction on manslaughter. We affirm.
The testimony established that Rojas drove his automobile to Eatonville, Florida, accompanied by three passengers. While sitting in the driver's seat, Rojas apparently obtained cocaine from Richardson, the victim (a known drug dealer). Rather than pay for it, Rojas spun his car wheels, and attempted to speed away.
But before the car could gather sufficient forward momentum, Richardson jumped partially through the driver's car window and tried to grab the steering wheel. Rojas took off with Richardson's legs dangling out of the window. Richardson was found minutes later, on the roadside, with a fatal knife wound in his heart. Whether the stabbing took place while Richardson was in the car, or later, when two of the passengers testified Rojas stopped the car and fought with him outside, was in dispute. No knife was ever found.
Rojas' primary argument at trial was that he was entitled to an instruction on self-defense. The trial court correctly denied it, since no evidence was produced in the case which would have supported a finding that Rojas was entitled to use deadly force against Richardson. Butler v. State, 493 So.2d 451 (Fla. 1986). Defense counsel failed to make any other objection to the jury instructions as given.
Following the Standard Jury Instructions format, the trial court instructed the jury on first degree murder, second degree murder and manslaughter. At the introductory part of the homicide instructions, the court said:
A killing that is excusable or was committed by the lawful use  excuse me, by the use of justifiable deadly force is lawful.
* * * * * *
The killing of a human being is justifiable homicide and lawful if necessarily done while resisting an attempt to murder or commit a felony upon the defendant, or to commit a felony in any dwelling house in which the defendant may have been at the time of the killing.
The killing of a human being is excusable and, therefore, lawful when committed by accident and misfortune in doing any lawful act by lawful means with usual ordinary caution, and without any unlawful intent, or by accident or misfortune in the heat of passion upon any sudden and sufficient provocation, or upon a sudden combat without any dangerous weapon being used, and not done in a cruel or unusual manner.
The court followed with the Standard Jury Instructions concerning first degree murder and second degree murder. It then instructed on manslaughter:
Before you can find the defendant guilty of manslaughter, the state must prove the following two elements beyond a reasonable doubt:
One, that James Lorenzo Richardson is dead.
Secondly, that his death was caused by the act, procurement or culpable negligence of Joey Luis Rojas.
The court read the definition of culpable negligence, but it did not refer back to excusable or justifiable homicide, nor did it *676 define those terms in connection with the manslaughter instruction.
In Hedges v. Florida, 172 So.2d 824 (Fla. 1965), the Florida Supreme Court held that it was reversible error not to reinstruct the jury on justifiable and excusable homicide when a manslaughter charge was reread to the jury, even though the jury had been fully and completely instructed on both terms earlier. The rationale for this holding was based on the statutory definition of manslaughter which, as does the current statute (see § 782.07, Fla. Stat. (1985)), defined manslaughter by excluding from its possible circumference justifiable or excusable homicide.[2] Therefore, a complete definition of manslaughter requires the court to describe or define what is excluded from that crime: justifiable and excusable homicides. See Reed v. State, 531 So.2d 358 (Fla. 5th DCA 1988).
Failure to render a contemporaneous definition of justifiable and excusable homicide as part of the manslaughter instruction has been held to be fundamental error. Spaziano v. State, 522 So.2d 525 (Fla. 2d DCA 1988); Walker v. State, 520 So.2d 606 (Fla. 1st DCA 1987); Alejo v. State, 483 So.2d 117 (Fla. 2d DCA 1986). Recently, the Second District receded en banc from Spaziano where a defendant was convicted of first-degree murder. See Tobey v. State, 533 So.2d 1198 (Fla. 2d DCA 1988). The court in Tobey relied upon the fact that the jury convicted Tobey of an offense two steps greater than manslaughter, relying upon the supreme court's analysis in State v. Abreau, 363 So.2d 1063 (Fla. 1978). In our case, Rojas was convicted of second degree murder, so, the Second District would still find fundamental error in this case. Further, the fact that the trial court gave an abbreviated introductory definition of justifiable and excusable homicide prior to all of the homicide charges being given, is not sufficient to prevent this error from being fundamental and reversible. Walker; Spaziano; Ortagus v. State, 500 So.2d 1367 (Fla. 1st DCA 1987).
However, we are persuaded by the rationale employed by our sister court in Garcia v. State, 535 So.2d 290 (Fla. 3d DCA 1988), that in this case, the trial judge's failure to give the complete manslaughter instruction was harmless error, and (though not objected to) not fundamental error. Here Rojas presented no evidence which could have supported a self-defense instruction. As in Garcia, the jury's conviction of Rojas of second degree murder required it to find the killing was by an act "imminently dangerous to another" and "evinced a depraved mind regardless of human life".[3] These findings reject any possibility the killing was justifiable or excusable. We realize this opinion is in conflict with Walker, supra; Spaziano, supra (as modified by Tobey).
AFFIRMED.
COBB and COWART, JJ., concur.
NOTES
[1] § 782.04(2), Fla. Stat. (1985). Rojas was also convicted of two counts of false imprisonment. § 787.02(1)(a), Fla. Stat. (1985). These convictions are not the subject of this appeal.
[2] The current statute contains some wording changes, but it (as it did when Hedges was decided) excludes, "excusable homicide" and killing where there is no "lawful justification."
[3] § 782.04(2), Fla. Stat. (1985).