558 So.2d 1045 (1990)
Timothy Roger MOYER, Appellant,
v.
STATE of Florida, Appellee.
No. 88-2342.
District Court of Appeal of Florida, Fifth District.
February 8, 1990.
Rehearing Denied April 4, 1990.
*1046 James B. Gibson, Public Defender and Glen P. Gifford, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., and Laura Griffin, Asst. Atty. Gen., Daytona Beach, for appellee.
HARRIS, Judge.
Appellant, Timothy Roger Moyer (Moyer), appeals his convictions for attempted manslaughter with a weapon and engaging in a criminal offense with a weapon.[1] We affirm the attempted manslaughter conviction but reverse the conviction for engaging in a criminal offense with a weapon.
Tommy Williamson and some friends were outside a drinking establishment repairing a flat tire. Some girls in the group were approached by a stranger who became upset and unruly when he was not welcomed by them. Tommy walked over to where the girls were and attempted to drive away the intruder. The intruder resisted, and Tommy was stabbed by a sharp knife with a thin blade and severely injured.[2] The intruder fled.
Although Moyer was identified by four witnesses as the one who committed the act, his defense was that he was miles away from the scene with a young woman at the time of the incident. While identity is not an issue in this appeal, the fact that Moyer claimed alibi as a defense is material to our consideration because he claims the court erred in not giving his requested instruction of justifiable use of deadly force when it instructed on manslaughter. The court did give the short instruction on excusable and justifiable homicide as a part of the manslaughter charge, but refused to instruct on justifiable use of deadly force because it was inconsistent with Moyer's alibi defense. How could he not be there and yet justifiably have used deadly force? It is true that inconsistent defenses are allowable in criminal cases where the proof of one does not necessarily disprove the other. Mills v. State, 490 So.2d 204 (Fla.3d DCA 1986), rev. denied 494 So.2d 1153 (1986). But, in this case the defenses are mutually exclusive.
The Florida Supreme Court has held that the trial court must define excusable and justifiable homicide in order to make the manslaughter instruction legally adequate. Rojas v. State, 552 So.2d 914 (Fla. 1989). This was done in the present case. The Rojas court refused to rule on whether the trial court must also give the longer instruction on justifiable or excusable homicide where the evidence in the case does not warrant it. This is the issue at bar. Although there was evidence of an altercation at the time Tommy Williamson was stabbed, Moyer elected to forego self defense and to rely on an alibi defense. There was therefore no "issue in this case ... [of] self defense" which would warrant a charge of justifiable use of deadly force.
As to the second conviction, since Moyer was convicted of attempted manslaughter with a weapon, he cannot also be convicted of engaging in a criminal offense with a weapon where that offense was used to reclassify the attempted manslaughter to a second degree felony. McKinnon v. State, 523 So.2d 1238 (Fla. 1st DCA 1988). Accordingly the conviction for engaging in a criminal offense with a weapon is reversed. State v. Barton, 523 So.2d 152 (Fla. 1988). We have determined *1047 that the elimination of points on the scoresheet for this conviction does not affect the recommended guidelines sentence and, therefore, resentencing is not required. We remand, however, for the correction of the judgment.
AFFIRMED in part; REVERSED in part; and REMANDED.
COWART and PETERSON, JJ., concur.
NOTES
[1] He also appeals the imposition of costs which we find without merit.
[2] He was paralyzed from the wound to the neck which damaged his spinal cord.