561 So.2d 596 (1990)
George R. MILLER, Appellant,
v.
The STATE of Florida, Appellee.
No. 89-1850.
District Court of Appeal of Florida, Third District.
April 3, 1990.
Rehearing Denied June 25, 1990.
Bennett H. Brummer, Public Defender, and Harvey J. Sepler, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Michael J. Neimand and Richard Polin, Asst. Attys. Gen., and Denise Herman, Certified Legal Intern, for appellee.
Before HUBBART, COPE and LEVY, JJ.
PER CURIAM.
George Miller appeals his conviction for manslaughter. We reverse.
In giving the standard jury instruction on manslaughter the trial judge omitted the final sentence which states, "However, the defendant cannot be guilty of manslaughter if the killing was either justifiable or excusable homicide as I have previously explained those terms." Based on the controlling and indistinguishable authority of Rojas v. State, 552 So.2d 914 (Fla. 1989), we reverse and remand for a new trial.
The State concedes that Rojas is applicable but contends that footnote 3 dictates that the rule is otherwise when, as was true here, there is a full instruction on justifiable and excusable homicide. We disagree. The logic of Rojas dictates that the omitted sentence must be given regardless of the version of the instruction on justifiable and excusable homicide. Footnote 3 refers only to the sufficiency of the justifiable and excusable homicide instructions given in Rojas and does not address the issue presently before us.
Reversed and remanded for new trial.