566 So.2d 943 (1990)
James ARMSTRONG, Appellant,
v.
STATE of Florida, Appellee.
Nos. 88-2293, 88-2481.
District Court of Appeal of Florida, Fifth District.
September 20, 1990.
James B. Gibson, Public Defender, and Brynn Newton, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and James N. Charles, Asst. Atty. Gen., Daytona Beach, for appellee.

ON MOTION FOR REHEARING EN BANC
W. SHARP, Judge.
We grant the state's motion for rehearing en banc. Accordingly, we vacate our prior opinion and issue in its place the following.
Armstrong brings two appeals: one challenging his conviction for second degree murder, committed while on probation;[1] and the other questioning the trial court's revocation of that probation. We consolidate them for appeal purposes, sua sponte, because they are necessarily interrelated.
During Armstrong's trial for second degree murder, defense counsel specifically requested the trial judge read a limited version of the instruction on justifiable and excusable homicide as part of the manslaughter instruction. The trial judge granted this request. Armstrong now argues that the failure of the judge to read the instructions fully when originally charging the jury was reversible error. Rojas v. State, 552 So.2d 914 (Fla. 1989). We agree error occurred, but we hold it was waived.
Failure to give the complete initial instruction on justifiable and excusable homicide is fundamental error in the sense that the harmless error doctrine does not apply and the error need not be preserved below by contemporaneous objection by trial counsel. Rojas; Ortagus v. State, 500 So.2d 1367 (Fla. 1st DCA 1987); Alejo v. *944 State, 483 So.2d 117 (Fla. 2d DCA 1986).[2] However, none of the reported appellate cases in Florida[3] addresses the question of whether or not this type of fundamental error can be waived by action of defense counsel. Carter v. State, 512 So.2d 284 (Fla. 3d DCA 1987); Blackwelder v. State, 489 So.2d 95 (Fla. 2d DCA), rev. denied, 494 So.2d 1149 (Fla. 1986); Allen v. State, 463 So.2d 351 (Fla. 1st DCA 1985).
The concept of waiver occurring because trial counsel requests the later-found-to-be faulty instruction was suggested in Ray v. State, 403 So.2d 956 (Fla. 1981). The Florida Supreme Court said in Ray that if Ray's attorney had requested the erroneous instruction (improper instruction on a lesser included offense) the court could have upheld the conviction on the basis of waiver or invited error.[4] It cited to Clark v. State, 363 So.2d 331 (Fla. 1978), abrogated by State v. DiGuilio, 491 So.2d 1129 (Fla. 1986), which holds that defense counsel must object to prosecutorial comment on a defendant's right to remain silent.
We are, however, somewhat puzzled by the additional language in Ray that "constitutional error might not be fundamental error, and because even constitutional rights can be waived if not timely presented." Ray at 961. In Rojas the erroneous manslaughter/justifiable homicide instruction was held to be "fundamental" error. We take that to mean the harmless error doctrine and requirement of a contemporaneous objection do not apply. We also hold this type of fundamental error can be waived by trial counsel proposing the erroneous instruction.[5] However, since there is no case law guidance on this point relating to the initial incomplete manslaughter instruction, we certify the following question to the Florida Supreme Court as being one of great public importance.[6]
DOES TRIAL COUNSEL FOR A DEFENDANT WAIVE FOR HIS CLIENT FUTURE OBJECTION TO FAILURE TO GIVE THE FULL AND COMPLETE INITIAL INSTRUCTION ON JUSTIFIABLE AND EXCUSABLE HOMICIDE AS PART OF THE MANSLAUGHTER INSTRUCTION WHEN THE TRIAL ATTORNEY SPECIFICALLY REQUESTS AN ABBREVIATED INSTRUCTION, WHICH OTHERWISE WOULD CONSTITUTE FUNDAMENTAL ERROR?
Finally, it is conceded by both sides that the judgment which resulted after Armstrong's probation was revoked, incorrectly listed the attempted aggravated assault offense as a third degree felony, when it is, in fact, a first degree misdemeanor. We therefore remand to the trial court to correct that judgment accordingly.
AFFIRMED.
DAUKSCH, COWART, GOSHORN, HARRIS, PETERSON and GRIFFIN, JJ., and C.W. DANIEL, Judge, Retired, concur.
COBB, J., concurs specially with opinion, with which DAUKSCH, J., concurs.
*945 COBB, Judge, concurring specially.
The holding in Ray v. State, 403 So.2d 956 (Fla. 1981) is set forth on page 961 of that opinion:
We hold, therefore, that it is not fundamental error to convict a defendant under an erroneous lesser included charge when he had an opportunity to object to the charge and failed to do so if ... defense counsel requested the improper charge... . (Footnote omitted).
This pronouncement, which was not dictum, governs the instant case because defense counsel for Armstrong requested the improper charge. The holding in Ray has not been modified or receded from by any subsequent opinion of the Florida Supreme Court. Ray is good law and good sense. I concur in the majority result.
DAUKSCH, J., concurs.
NOTES
[1] Armstrong was on probation for attempted aggravated assault and battery.
[2] Compare, Henry v. State, 564 So.2d 212 (Fla. 1st DCA 1990).
[3] Compare Brady v. State, 518 So.2d 1305, 1308 (Fla. 3d DCA 1987), rev. denied, 523 So.2d 576 (Fla. 1988); Register v. State, 514 So.2d 1122, 1124 (Fla. 1st DCA 1987); Robinson v. State, 442 So.2d 284 (Fla. 2d DCA 1983).
[4] "If Ray's counsel had requested the improper instruction, or had affirmatively relied on that charge, as evidence by argument to the jury or other affirmative action, we could uphold a finding of waiver... ." (emphasis supplied). Ray v. State, 403 So.2d 956, 961 (Fla. 1981).
[5] The invited error doctrine includes, under limited circumstances, waiver of constitutional rights by a defendant's conduct. See, e.g., Ellison v. State, 349 So.2d 731 (Fla. 3d DCA 1977), cert. denied, 357 So.2d 185 (Fla. 1978).
[6] Fla.R.App.P. 9.030(a)(2)(A)(v). We have identified a few instances where other courts have considered the general issue. United States v. Espinal, 757 F.2d 423, 426 (1st Cir.1985); United States v. Gray, 626 F.2d 494, 501 n. 2 and accompanying text (5th Cir.1980), cert. denied, subnom, Wright v. U.S., 449 U.S. 1038, 101 S.Ct. 616, 66 L.Ed.2d 500 (1980); State v. Dozier, 163 W. Va. 192, 255 S.E.2d 552 (W. Va. 1979). See also McPhee v. State, 254 So.2d 406 (Fla. 1st DCA 1971).