HARRIS, Judge.
Samuel Johnson appeals his conviction for manslaughter. He contends that the trial court erred in failing to give a complete and contemporaneous definition of justifiable and excusable homicide as part of the manslaughter charge.[1] Under the facts of this case, we affirm.
Johnson does not contend in his argument that the instructions were incorrect statements of law or were incomplete instructions. He complains rather that the instructions on justifiable and excusable homicide, previously given by the judge, were not repeated in their entirety during the manslaughter charge. In Rojas v. State, 552 So.2d 914 (Fla.1989), the supreme court held that since manslaughter is in the nature of a residual offense, a complete definition of manslaughter requires an explanation that justifiable and excusable homicide are excluded from the crime. The court did not require that a complete definition of excusable and justifiable homicide be given as a part of the manslaughter instruction. To the contrary, in footnote 2 of Rojas, the court specifically approved the standard jury instructions which, in the manslaughter charge, defines justifiable and excusable homicide by reference: “as I have previously explained those terms.” The instruction was so given in the present case.
The record reflects that the court did previously instruct on excusable homicide during the introductory charges and instructed the jury on justifiable homicide within its instruction on justifiable use of deadly force. This was done at the suggestion of defense counsel. Johnson does not contend that the justifiable use of deadly force charge is inadequate or that it cannot properly substitute for a separate charge on justifiable homicide. It appears that even if he took such a position, he would now be estopped. See Ray v. State, 403 So.2d 956 (Fla.1981); Armstrong v. State, 566 So.2d 943 (Fla. 5th DCA 1990).
We find no error and AFFIRM.
DAUKSCH and COWART, JJ., concur.

. He also contends that during closing argument the prosecutor improperly referred to Johnson’s two previous felony convictions in order to attack his character. We find this argument to be without merit.