570 So.2d 1079 (1990)
Joyce Ann McGEE, Appellant,
v.
The STATE of Florida, Appellee.
No. 89-1607.
District Court of Appeal of Florida, Third District.
December 4, 1990.
*1080 Bennett H. Brummer, Public Defender, and Clayton R. Kaeiser, Sp. Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Angelica D. Zayas, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, C.J., and BARKDULL and GERSTEN, JJ.
SCHWARTZ, Chief Judge.
The defendant was charged with battery and second degree murder with a knife. She claimed self-defense and took the stand to support that contention. She was convicted of battery and the lesser included offense of manslaughter with a deadly weapon. We reject both of her arguments for reversal and affirm.
First, there was no error in permitting cross-examination of the defendant concerning the fact that in a statement freely given the police after the incident, she had not referred to a specific claim  that a shot had been fired before she stabbed the decedent  which was a feature of her testimony at the trial. Holmes v. State, 565 So.2d 824 (Fla. 4th DCA 1990); Minnis v. State, 505 So.2d 17 (Fla. 3d DCA 1987).
The second point arises from the fact that, when the jury returned for reinstructions on the law of second degree murder and manslaughter during its deliberations, the trial court gave only general definitions of the respective offenses, and did not charge on the particulars of excusable and justifiable homicide. There is no question that this omission was erroneous, see Rojas v. State, 552 So.2d 914 (Fla. 1989); Hedges v. State, 172 So.2d 824 (Fla. 1965), particularly when there was ample evidence to support the claim of self-defense which is encompassed in the definition of justifiable homicide. Rojas, 552 So.2d at 914. Because, however, defense counsel did not object, and indeed agreed, to the reinstructions, the appellant must and does contend that the omissions constituted fundamental error. See Alejo v. State, 483 So.2d 117 (Fla. 2d DCA 1986) (failure to define justifiable and excusable homicide in original instructions fundamental error). The insurmountable difficulty with this position is that the supreme court held directly to the contrary in an identical situation involving reinstructions in Castor v. State, 365 So.2d 701 (Fla. 1978). The appellant makes the not unpersuasive contention that the Castor case does not survive the language and rationale of the later decided supreme court decision in Rojas *1081 in a situation like this one in which there was evidence to support the defense of justifiable homicide. See especially Rojas, 552 So.2d at 916 n. 3.[1] This is an argument, however, that this court is not free to accept, both because the Rojas court specifically reiterated the rule that
an objection is required to preserve the error when it occurs during a reinstruction,
Rojas, 552 So.2d at 915, citing Castor, 365 So.2d at 701, and because we could not, in any event, decline to follow a supreme court opinion in the absence of a specific indication by the court itself that the case is no longer viable. State v. Dwyer, 332 So.2d 333, 335 (Fla. 1976); Hoffman v. Jones, 280 So.2d 431, 440 (Fla. 1973); Ball v. Public Health Trust of Dade County, 491 So.2d 608, 610 (Fla. 3d DCA 1986); Hill v. State, 302 So.2d 785, 787 (Fla. 4th DCA 1974); see also Armstrong v. State, 566 So.2d 943 (Fla. 5th DCA 1990). If we are wrong about this, the supreme court of course has the authority to review the present decision as in direct conflict with Rojas.
Affirmed.
NOTES
[1] Footnote 3 reads:

This opinion is directed only to the failure to instruct on justifiable and excusable homicide as it relates to the definition of manslaughter. In those cases in which there is evidence to support the defenses of justifiable or excusable homicide, the standard jury instructions provide for longer and more explicit instructions to be given on these defenses. We do not pass on the conclusion of the district court of appeal that the evidence in the instant case did not warrant the longer instruction on justifiable or excusable homicide. [e.s.]
Rojas, 552 So.2d at 916.