573 So.2d 337 (1991)
Robert Lewis MILLER, Petitioner,
v.
STATE of Florida, Respondent.
No. 74955.
Supreme Court of Florida.
January 18, 1991.
James Marion Moorman, Public Defender, and Stephen Krosschell, Asst. Public Defender, Tenth Judicial Circuit, Bartow, for petitioner.
Robert A. Butterworth, Atty. Gen., and Stephen A. Baker, Asst. Atty. Gen., Tampa, for respondent.
BARKETT, Justice.
We review Miller v. State, 549 So.2d 1106 (Fla. 2d DCA 1989), because of a direct and express conflict with Ortagus v. State, 500 So.2d 1367 (Fla. 1st DCA 1987), approved, Rojas v. State, 552 So.2d 914 (Fla. 1989).[1] The issue concerns whether the trial court's failure to instruct the jury on the defenses of justifiable and excusable homicide in defining the crime of manslaughter was fundamental error. Based *338 on Rojas, we quash the decision of the court below.
On October 21, 1985, an officer of the Haines City Police Department engaged in an automobile chase to apprehend the petitioner, Robert Lewis Miller, who was suspected of violating a city ordinance. The chase ended when Miller's car collided head-on with another car on Highway 27 North in Lake Hamilton, Florida. Three people in the other car were killed and a fourth was injured. Miller also was injured. The state charged Miller with three counts of second-degree murder, three counts of vehicular homicide, one count of culpable negligence, and one count of fleeing to elude. The jury found Miller guilty of all counts, but it reduced the charges of second-degree murder to manslaughter.[2] The district court affirmed the convictions for manslaughter but vacated the duplicitous convictions for vehicular homicide as to the same deaths. We find that the convictions for manslaughter must be vacated.
The issue here focuses on the jury instruction for manslaughter. The record reveals that after closing argument, the trial judge began instructing the jury by reading the "introduction to homicide" standard jury instruction. That introduction included the short-form definitions of the defenses of justifiable and excusable homicide. See Fla.Std. Jury Instr. (Crim.) at 61. The trial judge then instructed the jury on the specific offenses of second-degree murder, manslaughter, and vehicular homicide. In defining manslaughter, the trial judge made no mention whatsoever of the defenses of justifiable and excusable homicide, despite a provision in the standard jury instruction that requires a trial judge to tell the jury that justifiable and excusable homicide are defenses to manslaughter. Fla.Std. Jury Instr. (Crim.) at 68; see Rojas, 552 So.2d at 914. Miller did not object to the instructions at trial.
On direct appeal, Miller argued that the trial court committed fundamental error by failing to mention the defenses of justifiable or excusable homicide in the definition of manslaughter. The Second District Court in Miller rejected that argument, but did so without the benefit of this Court's subsequent decision in Rojas. Miller now contends that Rojas controls, requiring a finding of fundamental error. We agree.
The facts presented here are similar to those we addressed in Rojas. In that case, the state tried Rojas for first-degree murder. After arguments, the trial judge recited the "introduction to homicide" instruction, including the short-form instructions on justifiable and excusable homicide. Then the trial judge instructed the jury as to the lesser-included offenses of second-degree murder and manslaughter. As in this case, the trial judge omitted any mention of the defenses of justifiable and excusable homicide in defining manslaughter, and Rojas did not object to those instructions. The jury subsequently found Rojas guilty of second-degree murder. On appeal, the Fifth District affirmed Rojas's conviction, calling the manslaughter instruction harmless error. However, this Court quashed the Fifth District's opinion and held the error to be fundamental, thereby approving a similar analysis in Ortagus:
The fact that the judge defined excusable and justifiable homicide in the beginning of the homicide instructions did not suffice to make the manslaughter instruction legally adequate. Recognizing the need to refer to justifiable and excusable homicide in the context of defining manslaughter, this Court in 1985 approved a recommendation of the Standard Jury Instructions Committee to add after the definition of the elements of manslaughter the following language:
However, the defendant cannot be guilty of manslaughter if the killing is either justifiable or excusable homicide as I have previously explained those terms.
As in Spaziano [v. State, 522 So.2d 525 (Fla.2d DCA 1988), receded from on other grounds, Tobey v. State, 533 So.2d 1198, 1199 (Fla.2d DCA 1988) (en banc)] *339 and Ortagus, the total omission of any reference to justifiable or excusable homicide in the definition of manslaughter was fatal.
Rojas, 552 So.2d at 916 (footnote omitted).
The issue decided in Rojas and Ortagus is indistinguishable from the issue presented in this case. Thus, we quash the decision below and the portion of the Miller opinion that relates to this issue.
Although the manslaughter conviction must be vacated, Miller was also convicted of vehicular homicide. The district court correctly recognized that it is improper to have both manslaughter and vehicular homicide convictions for the same victim, so one of the two convictions for each victim would have to be vacated. Miller v. State, 549 So.2d 1106, 1109 (Fla.2d DCA 1989). This problem, however, has been resolved by our decision vacating the manslaughter convictions.
Accordingly, we remand with directions that the convictions for manslaughter be vacated and the convictions for vehicular homicide be reinstated.
It is so ordered.
SHAW, C.J., and OVERTON, McDONALD, GRIMES and KOGAN, JJ., and EHRLICH, Senior Justice, concur.
NOTES
[1] We have jurisdiction pursuant to article V, section 3(b)(3) of the Florida Constitution.
[2] A more complete analysis of the disposition of the charges is contained in the district court's opinion. Miller v. State, 549 So.2d 1106 (Fla.2d DCA 1989).