ZEHMER, Judge.
Claude Jerome Harris appeals a final judgment entered on a jury verdict adjudicating him guilty of one count of attempted first degree premeditated murder with a firearm and one count of second degree murder with a firearm. Harris was given a departure sentence of two terms of life imprisonment, to run concurrently.
Harris first contends that the trial court erred in (1) instructing the jury on manslaughter without defining justifiable homicide and (2) instructing the jury using the short-form excusable homicide instruction. The record indicates that Harris specifically requested the jury instructions that he now claims are erroneous and misleading, so any error in these jury instructions was invited and thus waived. State v. Smith, 573 So.2d 306 (Fla.1990); Armstrong v. State, 566 So.2d 943 (Fla. 5th DCA 1990).
Harris next contends that the trial court erred in departing from the sentencing guidelines because the departure reasons were not supported by the evidence. We affirm the sentence because the two stated reasons, knowingly creating a great risk of death to many persons and his escalating pattern of criminal conduct, are supported by the record.
Harris next contends that after the state announced its intention not to proceed on the portion of the grand jury’s indictment that charged him with felony murder, the trial court erred in deleting that theory from the indictment without obtaining further grand jury action. We affirm because the trial’s court’s action did not amount to a prohibited amendment of the indictment. Huene v. State, 570 So.2d 1031, 1032 (Fla. 1st DCA 1990) (“deletion from an indictment of allegations unnecessary to the offense, or the withdrawal from the jury’s consideration of one of several offenses initially charged, does not constitute a forbidden amendment”). See also United States v. Watchmaker, 761 F.2d 1459, reh. denied, 766 F.2d 1493 (11th Cir.1985), cert. denied, sub nom. Harrell v. United States, 474 U.S. 1100, 106 S.Ct. 879, 88 L.Ed.2d 917 (1986); United States v. Diaz, 690 F.2d 1352 (11th Cir.1982).
Finally, Harris contends that the lower court (1) erred in imposing costs pursuant to section 27.3455, Florida Statutes (1986), section 960.20, Florida Statutes (1985), section 943.25, Florida Statutes (Supp.1986), and section 943.25(13), Florida Statutes (1987), without giving him prior notice and an opportunity to object to the assessment, and (2) erred in delegating the determination of the amount of restitution to the probation and parole officer.
*806 We affirm the imposition of costs on the authority of State v. Beasley, 580 So.2d 139 (Fla.1991). With respect to the restitution order, we agree with the state’s confession of error and remand for a judicial determination of the amount of restitution owed. See Bostic v. State, 504 So.2d 794 (Fla. 2d DCA 1987).
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
SMITH and NIMMONS, JJ., concur.