PER CURIAM.
Eddie Kitchen appeals his conviction and sentence for second degree murder. We reverse.
Defendant was charged with second degree murder. At trial, defendant requested an instruction on the lesser included offense of manslaughter. The trial court instructed the jury that “the defendant cannot be guilty of manslaughter if the killing was either justifiable or excusable homicide, as I have previously explained those terms.” (Emphasis supplied.) However, the trial court had not explained those terms. The jury found defendant guilty of second degree murder.
The state properly concedes that defendant’s conviction must be reversed because the trial court committed fundamental error in instructing the jury on manslaughter *774 without defining justifiable and excusable homicide. Rojas v. State, 552 So.2d 914 (Fla.1989); Hedges v. State, 172 So.2d 824 (Fla.1965); Perez v. State, 578 So.2d 510 (Fla. 3d DCA 1991); Weiner v. State, 587 So.2d 560 (Fla. 2d DCA 1991). Compare Smith v. State, 573 So.2d 306 (Fla.1990) (short form jury instruction on justifiable and excusable homicide, followed by manslaughter instruction which refers to these definitions, is not error); State v. Schuck, 573 So.2d 335 (Fla.1991) (same). We therefore quash defendant’s conviction and remand for a new trial.
Our disposition of this issue makes it unnecessary to reach the remaining point on appeal.
Reversed and remanded.