ON PETITION FOR REHEARING
After considering the appellant’s petition for rehearing filed herein, we hereby substitute the following opinion in lieu of our original opinion. In all other respects the petition for rehearing is hereby denied.
PER CURIAM.
The defendant was charged with murder in the second degree and unlawful possession of a firearm while engaged in a criminal offense. He was convicted of murder in the second degree with a firearm, and display of a firearm during the commission of a felony. He was sentenced to a general sentence of fifteen years as to counts one and two and to a three year minimum mandatory sentence on count one. The score sheet shows he was to be sentenced to fifteen years and three years minimum mandatory on count one with fifteen years on count two to run concurrently with count one.
On appeal he contends error in failing to conduct a hearing pursuant to Richardson v. State, 246 So.2d 771 (Fla.1971), permitting the introduction into evidence of a 911 telephone call, and in the sentence, for displaying a firearm during the commission of a felony, when the second degree murder conviction was enhanced to a life felony because of the firearm. We find no error as to the first two contentions. Grant v. State, 474 So.2d 259 (Fla. 1st DCA1985); Ware v. State, 596 So.2d 1200 (Fla. 3d DCA1992); compare Dickey v. State, 458 So.2d 1156 (Fla. 1st DCA1984); Section 90.-404(2)(b)(l), Florida Statutes (1989). We do find error as to the sentencing for displaying a firearm and do by this opinion hereby vacate said sentence pursuant to Cleveland v. State, 587 So.2d 1145 (Fla.1991); Prid *945 gen v. State, 595 So.2d 1119 (Fla. 1st DCA1992).
Affirmed as amended.