SCHWARTZ, Chief Judge.
At the retrial required by our reversal of his previous conviction in Perez v. State, 578 So.2d 510 (Fla. 3d DCA1991), the defendant was again found guilty of attempted second degree murder with a firearm. Unfortunately, we are again compelled to reverse because, although the jury charge initially defined excusable and justifiable homicide as part of the homicide instructions, it, obviously inadvertently, did not also specifically exclude justifiable and excusable homicide from the definition of the lesser included offense of manslaughter. Under Miller v. State, 573 So.2d 337 (Fla.1991) and Rojas v. State, 552 So.2d 914 (Fla.1989), the omission presents fundamental error, requiring a new trial although there was no objection below. Because the record does not sustain the state’s contention that the omission was affirmatively agreed to or invited by defense counsel, compare Armstrong v. State, 579 So.2d 734 (Fla.1991), the judgment is therefore reversed for a new trial.
Reversed and remanded.