ON MOTION FOR REHEARING

PER CURIAM.
We grant the defendant’s motion for rehearing and substitute our opinion filed September 24, 1991, with this opinion.
The defendant, Theodore Dukes, appeals his convictions and sentences for second-degree murder with a firearm and unlawful possession of a firearm while engaged in a criminal offense. We affirm the defendant’s conviction for second-degree murder with a firearm, vacate the defendant’s conviction for unlawful possession of a firearm, vacate the habitual offender sentence and remand for resentencing consistent with this opinion.
The defendant was charged with first-degree murder and unlawful display of a firearm while éngaged in a criminal offense. The jury was instructed as to first-degree murder, second-degree murder, and manslaughter. However, the jury instructions did not include an instruction as to justifiable homicide or excusable homicide. During the charge conference, the court stated that it was going to strike the paragraph regarding excusable homicide and justifiable homicide *858 from the introduction to the homicide instruction because it felt that it was not applicable. The defense counsel responded “Right.” The State also stated that the excusable homicide instruction should be left out. Defense counsel responded “I agree.”
The jury returned its verdict finding that the defendant was guilty of second-degree murder with a firearm and unlawful possession of a firearm while in the commission of a felony. The conviction for second-degree murder was enhanced from a first-degree felony to a life felony based on the defendant’s use of a firearm. See § 775.087(1), Fla.Stat. (1987).
The defendant contends that the trial court erred in not instructing the jury on justifiable homicide and excusable homicide in conjunction with the homicide and manslaughter instruction. We disagree. In the instant case, defense counsel expressly agreed that the trial court should not read the justifiable and excusable homicide instructions. Under the circumstances, the defense counsel’s request constituted an explicit waiver.
Based on Cleveland v. State, 587 So.2d 1145 (Fla.1991) and Montequin v. State, 605 So.2d 944 (Fla. 3d DCA 1992), we find error in the defendant’s convictions and sentences for both second-degree murder with a firearm and possession of a firearm while in the commission of the same felony, when his second-degree murder conviction was enhanced to a life felony because of the firearm. Accordingly, we vacate the defendant’s conviction and sentence for unlawful possession of a firearm.
Based on the Florida Supreme Court’s decision in Lamont v. State, 610 So.2d 435 (Fla.1992), holding that the habitual offender act does not apply to life felonies, we vacate the defendant’s habitual offender sentence and remand for resentencing consistent with this opinion.
As to the Neil issue raised by the defendant, we affirm based on the authority of Moorehead v. State, 597 So.2d 841 (Fla. 3d DCA), rev. denied, 606 So.2d 1165 (Fla.1992), cert. denied, — U.S. -, 113 S.Ct. 1003, 122 L.Ed.2d 152 (1993). The remaining point raised by the defendant lacks merit.
Accordingly, we affirm the defendant’s conviction for second-degree murder, vacate his conviction and sentence for unlawful possession of a firearm, vacate the habitual offender sentence and remand for resentencing consistent with this opinion.