630 So.2d 597 (1993)
David F. LUCAS, Appellant,
v.
STATE of Florida, Appellee.
No. 92-1826.
District Court of Appeal of Florida, First District.
November 22, 1993.
*598 Nancy A. Daniels, Public Defender, Lynn A. Williams, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., Richard Parker, Asst. Atty. Gen., Tallahassee, for appellee.
WEBSTER, Judge.
In this direct criminal appeal, appellant raises six issues as involving error requiring reversal of either his convictions or his sentences: (1) denial of his motion for a mistrial made when inadmissible evidence of his bad character was presented to the jury; (2) failure to sustain his objection to a portion of the prosecutor's closing argument; (3) failure to include in the jury instruction on attempted manslaughter any reference to justifiable and excusable homicide; (4) sentencing him as an habitual violent felony offender without making sufficient findings; (5) imposing an improper departure sentence for sexual battery; and (6) imposing consecutive habitual violent felony offender sentences (including mandatory minimum sentences) for convictions arising out of the same criminal episode. We affirm in part, and reverse in part.
Appellant was charged by information with attempted second-degree (depraved mind) murder, sexual battery, armed robbery and kidnapping. Appellant and the state agree that all of the offenses charged arose out of the same criminal episode. Appellant entered not guilty pleas to all charges, and the case was eventually tried to a jury.
At trial, appellant's sole defense was that, although the crimes charged had occurred, they had not been committed by him. During the charge conference, appellant requested (and the trial court agreed to give) an instruction on attempted manslaughter as a category-one lesser-included offense of attempted second-degree murder. The trial court did instruct the jury that attempted (intentional act) manslaughter is a lesser-included offense of attempted second-degree (depraved mind) murder. However, nowhere in the instructions was there any reference to either justifiable or excusable homicide. Appellant did not request a charge on either justifiable or excusable homicide, and did not object to the omission.
On appeal, appellant argues for the first time that it was error requiring reversal to fail to instruct regarding justifiable and excusable homicide as a part of the charge on attempted manslaughter. According to appellant, manslaughter is a residual offense, which cannot be defined properly without an explanation that justifiable and excusable homicide are excluded from that offense. Moreover, because the offense of which appellant was convicted (attempted second-degree murder) is only one step removed from that as to which the erroneous instruction was given (attempted manslaughter), appellant argues that the error is both "fundamental" and per se reversible. To support his argument, appellant relies upon Rojas v. State, 552 So.2d 914 (Fla. 1989); and Miller v. State, 573 So.2d 337 (Fla. 1991).
The state responds that any error which might have occurred as a result of the failure to instruct the jury regarding justifiable and excusable homicide was not "fundamental" because neither justifiable nor excusable homicide was at issue in the case. For that matter, attempted manslaughter was not at issue in the case. As the state correctly points out, appellant conceded at trial that an attempted second-degree murder had occurred. His sole defense was that he had not been the perpetrator. In support of its position, the state relies principally upon State v. Delva, 575 So.2d 643 (Fla. 1991), a case decided after Rojas and Miller.
Appellant is correct that Rojas and Miller stand for the proposition that failure to explain justifiable and excusable homicide as a part of the charge on manslaughter is "fundamental" error, which may be raised for the *599 first time on appeal, when the defendant is convicted of either manslaughter or a greater offense not more than one step removed. See Perez v. State, 610 So.2d 648 (Fla. 3d DCA 1992) (holding that failure to explain justifiable and excusable homicide as part of the lesser-included offense of attempted manslaughter when defendant was charged with attempted second-degree murder was "fundamental" error which could be raised for the first time on appeal, relying upon Rojas and Miller). However, the state is also correct that Delva, decided after Rojas and Miller, holds that "[f]ailing to instruct on an element of the crime over which the record reflects there was no dispute is not fundamental error and there must be an objection to preserve the issue for appeal." 575 So.2d at 645. Adding to the confusion caused by these seemingly conflicting holdings is State v. Clark, 614 So.2d 453 (Fla. 1992). One of the apparent holdings of Clark is that at least some errors previously labeled by the supreme court as "fundamental" might, nevertheless, be subject to a harmless-error analysis. (The court concluded that a violation of the Confrontation Clause of the Sixth Amendment to the United States Constitution and article I, section 16, of the Florida Constitution, previously held to be a "fundamental" error, was, nevertheless, subject to a harmless-error analysis.)
We admit that we have found our efforts to reconcile Rojas and Miller with Delva and Clark somewhat troubling. The parties are in agreement that appellant did not dispute in the trial court that an attempted second-degree murder had occurred. His sole defense was that he had not been the perpetrator of that offense. Because only identity was disputed, Delva would appear to lead to the conclusion that it was not "fundamental" error to fail to instruct the jury regarding justifiable and excusable homicide as a part of the charge on the lesser-included offense of attempted manslaughter. Likewise, if one were to apply a harmless-error analysis to the failure to give such an instruction, as suggested by Clark, there can be little question but that, "beyond a reasonable doubt[,] ... the error did not affect the verdict" and was, therefore, harmless. State v. DiGuilio, 491 So.2d 1129, 1139 (Fla. 1986). Nevertheless, after considerable reflection, we conclude that the court intended when it decided Rojas that, in cases such as this, failure to explain justifiable and excusable homicide as part of an instruction on manslaughter is both "fundamental" and per se reversible error (i.e., that the issue may be raised for the first time on appeal, and that it is not subject to a harmless-error analysis).
Interpretation of Rojas is made somewhat more difficult because the court did not recite what facts, if any, it regarded as relevant to its decision. However, reference to the district court opinion which was subsequently quashed reveals that the district court had held that the failure to give an instruction on justifiable and excusable homicide was neither "fundamental" nor harmful error, at least in part, because there was "no evidence which could have supported a self-defense instruction." Rojas v. State, 535 So.2d 674, 676 (Fla. 5th DCA 1988). In quashing the district court's decision, the supreme court said, "we cannot accept the harmless error analysis adopted by the Fifth District Court of Appeal in the instant case." 552 So.2d at 916. Additional support for the conclusion that the court intended that an explanation of justifiable and excusable homicide be given as a part of the manslaughter charge regardless of whether the facts warranted it (i.e., that failure to do so not be subject to a harmless-error analysis) is found in footnote 3 of the opinion which, in relevant part, reads as follows:
This opinion is directed only to the failure to instruct on justifiable and excusable homicide as it relates to the definition of manslaughter. In those cases in which there is evidence to support the defenses of justifiable or excusable homicide, the standard jury instructions provide for longer and more explicit instructions to be given on these defenses.
Id. at 916 n. 3.
We believe that the subsequent decision in Miller further supports the conclusion that a failure to explain justifiable and excusable homicide as a part of the charge on manslaughter in such cases is both "fundamental" and per se reversible error. The factual *600 recitation in Miller is very sketchy. However, again, reference to the district court opinion reflects that "no view of the evidence could support a finding of justifiable or excusable homicide." Miller v. State, 549 So.2d 1106, 1110 (Fla. 2d DCA 1989). Nevertheless, the supreme court treated the error as "fundamental" and quashed that portion of the district court's opinion which had affirmed the manslaughter convictions.
Additional support for our conclusion is found in Standard Jury Instructions  Criminal Cases, 603 So.2d 1175 (Fla. 1992). There, the court expressly rejected the suggestion that justifiable and excusable homicide be explained as part of a charge on manslaughter only when there is some support for such an explanation in the evidence:
[W]e do not concur with the committee's suggestion that no portion of the excusable homicide instruction need be read when it has no basis in the evidence. We say this because Florida case law has consistently held that manslaughter is a residual offense which cannot be properly defined without an explanation that justifiable homicide and excusable homicide are excluded from the crime. Rojas v. State, 552 So.2d 914 (Fla. 1989); Hedges v. State, 172 So.2d 824 (Fla. 1965). Because a manslaughter instruction will have to be given in every homicide case, the instruction on excusable homicide will also have to be included.
Id. at 1176.
Finally, we note that at least two other district courts have reached the conclusion that we now reach. Rinaldi v. State, 614 So.2d 1197 (Fla. 2d DCA 1993); Hayes v. State, 564 So.2d 161 (Fla. 2d DCA 1990); Armstrong v. State, 566 So.2d 943 (Fla. 5th DCA 1990) (en banc), approved on other grounds, 579 So.2d 734 (Fla. 1991).
Based upon the foregoing analysis, we conclude that we must reverse appellant's conviction of attempted second-degree murder and remand for a new trial on that charge. However, we certify to the Supreme Court the following, which we believe to be a question of great public importance:
WHEN A DEFENDANT HAS BEEN CONVICTED OF EITHER MANSLAUGHTER OR A GREATER OFFENSE NOT MORE THAN ONE STEP REMOVED, DOES FAILURE TO EXPLAIN JUSTIFIABLE AND EXCUSABLE HOMICIDE AS PART OF THE MANSLAUGHTER INSTRUCTION ALWAYS CONSTITUTE BOTH "FUNDAMENTAL" AND PER SE REVERSIBLE ERROR, WHICH MAY BE RAISED FOR THE FIRST TIME ON APPEAL AND MAY NOT BE SUBJECTED TO A HARMLESS-ERROR ANALYSIS, REGARDLESS OF WHETHER THE EVIDENCE COULD SUPPORT A FINDING OF EITHER JUSTIFIABLE OR EXCUSABLE HOMICIDE?
Appellant's remaining arguments addressed to his convictions merit neither discussion nor reversal.
The first sentencing issue raised by appellant is that it was error to sentence him as an habitual violent felony offender without finding that the necessary predicate conviction had not been pardoned or set aside. This issue is now controlled by the decision in State v. Rucker, 613 So.2d 460 (Fla. 1993). The state introduced a certified copy of a prior conviction which qualifies as a predicate offense under section 775.084(1)(b), Florida Statutes (1991). As in Rucker, the evidence offered by the state was unrebutted, and appellant has never asserted that the predicate conviction has been pardoned or set aside. Accordingly, as in Rucker, the failure to make more specific findings is harmless.
The second sentencing issue raised by appellant is that the guidelines life sentence imposed upon him for sexual battery (a life felony) became a departure sentence when it was imposed to run consecutively to the habitual violent felony offender sentences which were also imposed. This issue is now controlled by Gipson v. State, 616 So.2d 992 (Fla. 1993), in which the court held that imposing a guidelines maximum sentence to run consecutively to an habitual offender sentence does not result in a guidelines departure.
Finally, appellant argues that it was error to impose consecutive habitual violent *601 felony offender sentences (including mandatory minimum sentences) for convictions arising out of the same criminal episode. This issue is now controlled by Daniels v. State, 595 So.2d 952 (Fla. 1992); and Hale v. State, 630 So.2d 521 (Fla. 1993). In the former, the court held that mandatory minimum sentences imposed pursuant to the habitual offender law must be concurrent. In the latter, the court held that the habitual offender sentences, themselves, must be concurrent. Accordingly, we are constrained to vacate appellant's habitual violent felony offender sentences for robbery with a deadly weapon and kidnapping, and to remand with directions that appellant be resentenced. Assuming that the trial court again elects to sentence appellant as an habitual violent felony offender, both the sentences and the mandatory minimum portions thereof must be imposed to run concurrently.
In summary, we reverse appellant's conviction of attempted second-degree murder, and remand for a new trial on that charge. We affirm appellant's convictions of robbery with a deadly weapon and kidnapping. However, we vacate appellant's sentences for those two convictions, and remand for resentencing consistent with this opinion. Finally, we affirm both appellant's conviction and his sentence for sexual battery.
AFFIRMED IN PART; REVERSED IN PART; and REMANDED, with directions.
BARFIELD and ALLEN, JJ., concur.