THOMPSON, Judge,
dissenting.
I respectfully dissent.
This petition seeks a writ of habeas corpus for a belated appeal due to alleged ineffective assistance of appellate counsel. I would grant the writ of habeas corpus and reverse the conviction for attempted second degree murder and remand for a new trial.
Loren D. Flowers was charged with attempted first degree murder of a law enforcement officer,[1] kidnapping,[2] escape,[3] and unlawful taking of a law enforcement officer’s firearm.[4] He was convicted of attempted second degree murder of a law enforcement officer, false imprisonment of a law enforcement officer, escape and unlawful taking of a law enforcement officer’s firearm. Flowers appealed and this court reversed the sentence due to improper scoring of legal constraint points and remanded for resentenc-ing. Flowers v. State, 589 So.2d 473 (Fla. 5th DCA 1991). Flowers was resentenced to concurrent terms totaling 27 years, including a 25 year minimum mandatory term for attempted second degree murder, and this court affirmed. Flowers v. State, 611 So.2d 533 (Fla. 5th DCA 1993). Flowers now contends that his appellate counsel was ineffective in his representation on the conviction and sentence for attempted second degree murder. I agree.
During the trial, Flowers’ trial counsel did not request nor was an objection raised concerning the failure to give the definitions of justifiable or excusable homicide when instructing the jury on attempted manslaughter: a necessary lesser included offense of attempted first degree murder. Although no objection was made to the trial judge for the failure to instruct the jury, it was a fundamental error that can be raised on appeal. Rojas v. State, 552 So.2d 914 (Fla.1989); Hayes v. State, 564 So.2d 161 (Fla. 2d DCA 1990). Since the Florida Supreme Court has held that the defenses of justifiable or excusable homicide must be given when defining manslaughter, appellate counsel was ineffective for failing to raise this as an issue of fundamental error on appeal. See Miller v. State, 573 So.2d 337 (Fla.1991). Based on the case law, had this issue been raised on appeal, Flowers would have been granted a new trial. Because a new appeal would add nothing to this case, I would grant the writ of habeas corpus and remand the ease to the trial court for a new trial. See Johnson v. *1341 Wainwright, 498 So.2d 938 (Fla.1986), cert. denied, Duggar v. Johnson, 481 U.S. 1016, 107 S.Ct. 1894, 95 L.Ed.2d 500 (1987).

. §§ 775.0825, 777.04(1), (4), 782.04, 784.07(3), Fla.Stat. (1989).

. §§ 775.0823(5), 787.01(1)(a), Fla.Stat. (1989).

. § 944.40, Fla.Stat. (1989).

. § 775.0875, Fla.Stat. (1989).