677 So.2d 1353 (1996)
Larry HALL, Appellant,
v.
STATE of Florida, Appellee.
No. 95-0554.
District Court of Appeal of Florida, Fifth District.
August 9, 1996.
*1354 James B. Gibson, Public Defender, and Dee R. Ball, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Anthony J. Hall, Assistant Attorney General, Daytona Beach, for Appellee.
ANTOON, Judge.
The defendant challenges his convictions of attempted second-degree murder[1], armed burglary of a dwelling[2], two counts of aggravated assault on a law enforcement officer[3], possession of a firearm by a convicted felon[4], and possession of drug paraphernalia[5]. Only his challenge concerning his attempted second-degree murder conviction has merit. In this regard, we reverse the judgment and sentence for attempted second-degree murder because the trial court failed to give the mandatory justifiable and excusable homicide jury instruction. In all other respects, we affirm the defendant's judgments and sentences.
At the conclusion of trial, the trial court instructed the jury on attempted second-degree murder but failed to give the standard jury instruction on justifiable and excusable homicide. Fla. Std. Jury Instr. (Crim.) 61. See also §§ 782.02, 782.03, Fla. Stat. (1993). In all murder and manslaughter trials, the jury must be instructed as to the definitions of justifiable and excusable homicide. State v. Smith, 573 So.2d 306 (Fla.1990). Failure to give this instruction constitutes fundamental error in cases where the defendant has been convicted of manslaughter or a greater offense not more than one step removed. State v. Lucas, 645 So.2d 425 (Fla.1994).
Relying on Armstrong v. State, 579 So.2d 734 (Fla.1991), the state argues that reversal is not warranted because the defendant requested that the jury not be instructed as to any lesser included offenses. However, Armstrong is distinguishable and therefore the state's reliance upon it is misplaced. In Armstrong, the supreme court held that a defendant who specifically requests an abbreviated form of the justifiable and excusable homicide instruction cannot later complain that the instruction was improper. Id. at 735. Here, the defendant's *1355 attorney did not mention the justifiable and excusable homicide instruction in his comment to the court. He merely stated:
Your Honor, also for the record, I would like to state that my client has requested that no lessers be read to the jury. However, in our pretrial discussions or pre-jury discussions I understand that the Court is going to include such offenses.
The defendant's request that the court forego instructing the jury as to the lesser included offenses cannot be construed as a specific waiver of, or affirmative request to limit, the justifiable and excusable homicide instruction. Cf. Dukes v. State, 623 So.2d 857 (Fla. 3d DCA 1993); Harris v. State, 580 So.2d 804 (Fla. 1st DCA 1991). Accordingly, we must reverse the defendant's judgment and sentence for attempted second-degree murder and remand this matter to the trial court.
AFFIRMED in part; REVERSED in part; and REMANDED.
PETERSON, C.J., and COBB, J., concur.
NOTES
[1] §§ 782.04(2), 777.04(1), and (4), Fla. Stat. (1993).
[2] § 810.02(2)(a), and (b), Fla. Stat. (1993).
[3] §§ 784.021(1)(a) and 784.07(2)(c), Fla. Stat. (1993).
[4] § 790.23, Fla. Stat. (1993).
[5] § 893.147(1), Fla. Stat. (1993).