764 So.2d 758 (2000)
Clifford WALLACE, Appellant,
v.
STATE of Florida, Appellee.
No. 2D99-3126.
District Court of Appeal of Florida, Second District.
July 7, 2000.
*759 James Marion Moorman, Public Defender, and Howardene Garrett, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Timothy A. Freeland, Assistant Attorney General, Tampa, for Appellee.
SALCINES, Judge.
Clifford Wallace appeals his conviction for the unlawful sale of an identification card in violation of section 322.212(2), Florida Statutes (1999). We affirm.
The Manatee County Sheriff's Department had established an undercover storefront which appeared to be a pawn shop. Without any discussion, Wallace delivered an identification card to the undercover sheriffs deputy on duty at the pawn shop *760 and accepted $20.00 in exchange. The card had been torn into two pieces. At trial, the deputy testified that he recognized the item to be a Florida identification card, that it had been verified that the card had been issued by the Florida Department of Highway Safety and Motor Vehicles, and that it was "valid."[1]
Wallace asserts that the trial court erred when it denied his motion for judgment of acquittal in this circumstantial evidence case. We note that "[p]roof of mental intent is seldom accomplished by direct evidence; consequently, the absence of direct proof on the question of the defendant's mental intent should rarely, if ever, result in a judgment of acquittal." See Ehrlich v. State, 742 So.2d 447, 450-51 (Fla. 4th DCA 1999).
When examining a defendant's motion for judgment of acquittal, the trial court must review the evidence in the light most favorable to the State. See State v. Law, 559 So.2d 187, 188-89 (Fla.1989). Only if the State fails to present evidence from which the jury can exclude every reasonable hypothesis, except that of guilt, is it appropriate for the trial court to grant such a motion. See Gordon v. State, 704 So.2d 107, 112-113 (Fla.1997). The State is not required to rebut conclusively every possible variation of events which could be inferred from the evidence, but only to introduce competent substantial evidence which is inconsistent with the defendant's theory of events. See Law, 559 So.2d at 189. If the trial court determines that there is a prima facie inconsistency between the evidence and the defense theory or theories, then the finder of fact must resolve the issue. See Orme v. State, 677 So.2d 258, 262 (Fla.1996).
The trial court's denial of a motion for judgment of acquittal "will be reversed on appeal only where unsupported by competent substantial evidence." Id. In the present case, there was competent substantial evidence to support the trial court's conclusion that the State presented adequate evidence refuting Wallace's theories of innocence. Due to the fact that inconsistency was created between the State and defense theories, the trial court did not err when it denied the motion for judgment of acquittal.
Additionally, Wallace complains that the jury was not properly instructed concerning the offense of sale of an identification card. However, a review of the transcript of the jury instruction conference reveals that the allegedly erroneous language contained within the instructions was specifically requested by Wallace's own trial counsel. Under these circumstances, any complaint is barred. See e.g., Dukes v. State, 623 So.2d 857 (Fla. 3rd DCA 1993).
Affirmed.
BLUE, A.C.J., and CASANUEVA, J., Concur.
NOTES
[1] The applicable statute defines the term "identification card" to mean any card issued by the Florida Department of Highway Safety and Motor Vehicles or its agents or any identification card issued by any state or jurisdiction that issues identification cards recognized in this state for the purpose of indicating a person's true name and age. See § 322.212(1), Fla. Stat. (1999).