924 So.2d 932 (2006)
Ezequiel REYES, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D05-14.
District Court of Appeal of Florida, Third District.
March 29, 2006.
Bennett H. Brummer, Public Defender, and Thomas Regnier, Assistant Public Defender, for appellant.
*933 Charles J. Crist, Jr., Attorney General, and Valentina M. Tejera, Assistant Attorney General, for appellee.
Before GERSTEN, RAMIREZ, and SHEPHERD, JJ.
PER CURIAM.
Ezequiel Reyes ("Reyes"), appeals the trial court's judgment and sentence for second degree murder. Reyes contends that the trial court erred in failing to instruct the jury on the definitions for justifiable and excusable homicide. We reverse.
In all murder and manslaughter cases, the court must instruct the jury as to the definitions of justifiable and excusable homicide. Rojas v. State, 552 So.2d 914 (Fla.1989); Kitchen v. State, 592 So.2d 773 (Fla. 3d DCA 1992). Failing to give these instructions is fundamental error. Miller v. State, 573 So.2d 337 (Fla.1991). The one exception to this rule is where defense counsel affirmatively agreed to or requested the incomplete instruction. State v. Lucas, 645 So.2d 425 (Fla.1994).
Here, the record indicates that defense counsel and the court discussed excluding part of the manslaughter instruction. However, it is not clear from the record what part of the manslaughter instruction defense counsel agreed that the court should exclude, i.e., the justifiable and excusable definitions, or the lesser included offenses. See Smith v. State, 773 So.2d 1278 (Fla. 5th DCA 2000)(conviction reversed where counsel agreed that an instruction on manslaughter would be omitted but there was no agreement that the definitions on justifiable and excusable homicide would not be read); Hall v. State, 677 So.2d 1353 (Fla. 5th DCA 1996)(defendant's request that court forgo instructing the jury on lesser included offenses cannot be construed as a specific waiver of the justifiable and excusable homicide instruction). Accordingly, because it is not clear from the record that defense counsel affirmatively agreed to exclude the definitions of excusable and justifiable homicide, we reverse and remand for a new trial.
Reversed and remanded.