994 So.2d 1141 (2008)
Luis JIMENEZ, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D05-2731.
District Court of Appeal of Florida, Third District.
February 13, 2008.
*1142 Bennett H. Brummer, Public Defender, and Thomas Regnier, Assistant Public Defender, for appellant.
Bill McCollum, Attorney General, and Ansley B. Peacock, Assistant Attorney General, for appellee.
Before COPE and RAMIREZ, JJ., and PALMER, Associate Judge.
COPE, J.
The question on this appeal is whether the trial court committed fundamental error by failing to instruct the jury on the definition of excusable homicide. We conclude that there was fundamental error and remand for a new trial.
Defendant-appellant, Luis Jimenez, was charged with second-degree murder. At trial, defense counsel requested that the instruction on the lesser included offense of manslaughter not be given. The State objected and the trial court ruled that the instruction on manslaughter would be given.
The defendant's main position at trial was that he killed the victim while acting in self defense. The State and the defense agreed that the instruction on justifiable homicide should be given. Neither party requested that the excusable homicide instruction be given, so it was not. The defendant was convicted of second-degree murder and has appealed.
"[B]ecause manslaughter is a `residual offense, defined by reference to what it is not,' a complete instruction on manslaughter requires an explanation that justifiable and excusable homicide are excluded from the crime." State v. Lucas, 645 So.2d 425, 427 (Fla.1994) (citations omitted). "[F]ailure to give a complete instruction on manslaughter during the original jury charge is fundamental error which is not subject to harmless-error analysis where the defendant has been convicted of either manslaughter or a greater offense not more than one step removed, such as second-degree murder." Id. There is an exception "where defense counsel affirmatively agreed to or requested *1143 the incomplete instruction," id. (citation omitted), but that did not occur here.
The State contends that there is no fundamental error because, in the State's view, there was no evidence on which the jury could have found excusable homicide. The State correctly points out that the defendant made no argument to the jury about excusable homicide, and only argued justifiable homicide. The State contends that, under these circumstances, the omission of the excusable homicide instruction cannot be fundamental error.
We reject that argument. As the First District has explained, "[i]t matters not whether any view of the evidence could support a finding of either excusable or justifiable homicide." Black v. State, 695 So.2d 459, 460 (Fla. 1st DCA 1997) (citations omitted).[*]
The fact that the defendant unsuccessfully tried to waive instructions on lesser included offenses "cannot be construed as a specific waiver of, or affirmative request to limit, the justifiable and excusable homicide instruction." Hall v. State, 677 So.2d 1353, 1355 (Fla. 5th DCA 1996) (citations omitted). See also Reyes v. State, 924 So.2d 932 (Fla. 3d DCA 2006); Richardson v. State, 818 So.2d 679 (Fla. 3d DCA 2002).
For the stated reasons, we must reverse the judgment and remand the case for a new trial. We reject the defendant's second point on appeal, claiming that the evidence was legally insufficient to convict him, without discussion.
Reversed and remanded for a new trial.
NOTES
[*] The defendant argues alternatively that there was some evidence on which, in theory, an argument of excusable homicide could have been made. In reality, however, the defendant's only argument to the jury was based on justifiable homicide. Since the omission of the instruction on excusable homicide amounts to fundamental error regardless of the underlying facts, we need not explore the defendant's alternative argument.