SCHWARTZ, Senior Judge.
Bradshaw was charged and convicted of second degree murder. We are compelled to reverse because the lower court fundamentally erred, requiring a new trial even without objection below, in charging the jury on the lesser included offense of manslaughter by instructing only as to the culpable negligence prong and omitting entirely the manslaughter by act aspect of the crime. See Bolin v. State, 8 So.3d 428 (Fla. 2d DCA 2009) (identical situation); Reed v. State, 531 So.2d 358 (Fla. 5th DCA 1988) (applying rule to reverse situation in which manslaughter by act given and culpable negligence omitted); see generally State v. Lucas, 645 So.2d 425 (Fla.1994). Contrary to the State’s contention that this case is governed by the exception which applies when the defendant affirmatively requests or specifically agrees to the omission, see Lucas, 645 So.2d at 427, it is settled that that defendant’s desire to have no manslaughter instruction given at all, as was the case here, does not amount to an agreement to have the issue instructed upon in a fundamentally erroneous fashion. See Jimenez v. State, 994 So.2d 1141, 1143 (Fla. 3d DCA 2008) (holding that the trial court committed fundamental error in failing to give complete manslaughter instruction and the “fact that the defendant unsuccessfully tried to waive instructions on lesser offenses cannot be construed as a specific waiver of, or affirmative request to limit, the justifiable and excusable homicide instruction”); see also Reyes v. State, 924 So.2d 932 (Fla. 3d DCA 2006) (reversing second degree murder conviction where it was not clear from the record that defense counsel affirmatively agreed to exclude portion of manslaughter instruction defining justifiable and excusable homicide); Beckham v. State, 884 So.2d 969 (Fla. 1st DCA 2004) (holding that in order for the Lucas waiver exception to apply defense counsel “must be aware that *1267 an incorrect instruction is being read and must affirmatively agree to, or request, the incomplete instruction”).
Since a new trial is therefore required in any event, it is not necessary and we therefore do not determine whether the appellant’s other point individually presents reversible error. The issue .in question concerns the treatment below of assertions made by the investigating officer in the course of questioning the defendant in an interrogation which was admitted into evidence. This issue has recently been canvassed in comprehensive detail by the Fourth District Court of Appeal with ranging results, in Sparkman v. State, 902 So.2d 253 (Fla. 4th DCA 2005), on the one hand, and Eugene v. State, 53 So.3d 1104 (Fla. 4th DCA 2011), and Derival v. State, 58 So.3d 357 (Fla. 4th DCA 2011), on the other. As guidance at the retrial, however, the trial court’s attention is directed to those decisions and particularly to the helpful suggestion in Eugene that the problem may be obviated by a limiting instruction to the jury. 53 So.3d at 1112 n. 4.
Reversed and remanded for a new trial.