LUCAS, Judge, concurring.
I agree with the court's decision to reverse Mr. McFarlane's conviction for possession of cocaine with intent to sell because I, like the majority, am bound by precedent to do so. I do wonder, though, whether the law on the issue of criminal intent to sell has become overly didactic-perhaps to the point that it is becoming unsustainable. It is one thing to catalog those aspects of a drug sale prosecution that can provide circumstantial evidence of a defendant's criminal intent to sell-having a large quantity of drugs, associated paraphernalia, scales, rolls of cash, and so forth-but quite another to turn them into requisites that must be shown, without which the State cannot present its case to the jury. These "tools of the trade," as it were, are indicia of an accused's intent to sell illegal drugs, and the courts rightly allow their consideration in these prosecutions *1275 because criminal intent is an element uniquely reserved for a jury's determination. See State v. Tovar, 110 So.3d 33, 36 (Fla. 2d DCA 2013) ("[A] trial court should rarely, if ever, grant a motion for judgment of acquittal based on the state's failure to prove mental intent." (quoting Hardwick v. State, 630 So.2d 1212, 1214 (Fla. 5th DCA 1994) ) ); Wallace v. State, 764 So.2d 758, 759 (Fla. 2d DCA 2000) ("[P]roof of mental intent is seldom accomplished by direct evidence; consequently, the absence of direct proof on the question of the defendant's mental intent should rarely, if ever, result in a judgment of acquittal." (quoting Ehrlich v. State, 742 So.2d 447, 450-51 (Fla. 4th DCA 1999) ) ). But our case law treats the presence of these circumstantial indicia of drug dealing as if they were a requisite part of the element of intent that the State must prove in cases where there is no direct evidence of a criminal intent to sell drugs. In truth, we are tasking the State with providing a surrogate for direct evidence (chosen from an opaquely defined list of our making) on the issue of a defendant's intent to sell. Why?
In our district this whole muddled notion appears to have sprouted from the circumstantial evidence rule, which requires a prosecution based upon circumstantial evidence to be inconsistent with the defendant's reasonable hypothesis of innocence. See Williams, 569 So.2d at 1376 (reciting circumstantial evidence rule and decreeing that defendant's possession of ten pieces of cocaine, marijuana rolling papers, razor blades, $72 cash, and a weapon were not inconsistent with defendant's theory that the cocaine he possessed was for personal use, not for sale); see also Phillips, 961 So.2d at 1138 ("Where the only proof of an intent to sell is circumstantial, [that proof] may support a conviction only if it excludes every reasonable hypothesis of innocence." (alteration in original) (quoting Glenn v. State, 824 So.2d 1046, 1049 (Fla. 4th DCA 2002) ) ). I am not convinced that the application of the circumstantial evidence rule we have wrought-focused and applied, as it is, entirely on the singular element of intent-can be aligned with the Florida Supreme Court's clarification of that rule in Knight v. State, 186 So.3d 1005, 1010 (Fla. 2016) ("[W]e agree with the Fifth District that [the circumstantial evidence standard] should not be applied based on any particular element of a crime being itself proven entirely by circumstantial evidence."). Since the element in question is one that often turns on circumstantial evidence, it may be time to reconsider our decisions in Phillips, 961 So.2d 1137, Jackson, 818 So.2d 539, and Williams, 569 So.2d 1376, to the extent their underpinning is an erroneous element-centric application of the circumstantial evidence rule.
Accordingly, while I concur with the court's decision today, I question whether the precedents we are applying to reach this decision remain entirely sound. Hopefully an occasion arises where we can thoughtfully reassess them.