HALL, Judge.
The appellant, Marshall Chapman, challenges his convictions and sentences for aggravated assault with a firearm, for which he was sentenced to ten years’ imprisonment; sale of marijuana, for which he was sentenced to five years’ imprisonment; felony possession of marijuana, for which he was sentenced to ten years’ imprisonment; and conspiracy to sell and misdemeanor possession of marijuana, for both of which convictions he received time served. The sentences for the aggravated assault and the felony possession counts were above the statutory máximums, but the total sentence was within the guidelines. The appellant raises several points on appeal, but we only find merit in two of those points.
The appellant contends that he was subjected to double jeopardy through his convictions for both sale and possession of a single ten dollar bag of marijuana on December 1, 1986. We agree, Blanco v. State, 532 So.2d 1327 (Fla. 3d DCA 1989), and we reverse the appellant’s conviction for the lesser degree offense of possession of less than twenty grams of marijuana.
The appellant also contends that the trial court erred in not supplying written findings in support of the adjudication of him as a habitual offender. Again, we agree, Hoefert v. State, 509 So.2d 1090 (Fla. 2d DCA 1987), and we remand for resentencing. If the trial judge is able to support his determination that the appellant should be sentenced as a habitual offender with written findings evidenced by record facts, he may resentence the appellant above the statutory maximum but within the guidelines.
We note that the judgment incorrectly reflects that the appellant was found guilty under count three of violating section 893.-13(l)(e), which statute prohibits the sale of marijuana within one thousand feet of a school. The information does not charge the appellant with selling marijuana near a school. Accordingly, we direct that the judgment with respect to count three be corrected.
Affirmed in part, reversed in part, and remanded with directions consistent herewith.
SCHEB, A.C.J., and THREADGILL, J., concur.