PER CURIAM.
The defendant was convicted of two counts each of possession and sale of cocaine. As the state concedes, a defendant may not be convicted and sentenced for both the sale and possession of the same contraband. Chapman v. State, 544 So.2d 285 (Fla. 2d DCA), review denied, 551 So.2d 462 (Fla.1989); Blanca v. State, 532 So.2d 1327 (Fla. 3d DCA 1988); see State v. Smith, 547 So.2d 613 (Fla.1989). Accordingly, the convictions and sentences for the two counts of possession of cocaine must be reversed.
Additionally, the defendant claims he is entitled to a new trial because defense counsel was precluded from impeaching an officer’s testimony by showing that an incriminating fact about which the officer testified had not been mentioned in his police report. The officer testified that he observed the defendant arrive at the scene of the transaction carrying a silver box and exit shortly thereafter with a bag which officers had earlier filled with cash. In State v. Johnson, 284 So.2d 198 (Fla.1973), the Florida supreme court stated:
Normally, a mere negative use sought to be made of a portion of an initial police investigative report for impeachment should not be allowed, e.g., “Why did you not include in your report the fact, as you testified here today, that the defendant was dressed in dark clothing?”
We conclude that no error occurred when the defense was denied an opportunity to cross-examine the testifying officer on the fact that his written report of the incident did not contain a statement that he had seen the defendant carrying the box. It was non-critical, negative testimony, and therefore, under Johnson, properly excluded. This disposition makes it unnecessary to examine the harmless error argument advanced by the state.
Accordingly, the convictions and sentences for the possession of cocaine are reversed. The remaining convictions and sentences are affirmed.