565 So.2d 824 (1990)
Sidney HOLMES, Appellant,
v.
STATE of Florida, Appellee.
No. 89-1437.
District Court of Appeal of Florida, Fourth District.
August 1, 1990.
Rehearing Denied September 12, 1990.
Richard L. Jorandby, Public Defender, and Tanja Ostapoff, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Deborah Guller, Asst. Atty. Gen., West Palm Beach, for appellee.

*825 ON REHEARING
PER CURIAM.
Appellee's motion for rehearing is granted. The opinion of March 14, 1990 is withdrawn and the following opinion is substituted.
Appellant was charged with being one of three men involved in an armed robbery on Father's Day. While the victim and his girlfriend were at a gas station, they were approached by two men, one of whom was armed. A third man then drove up and ordered the others to get the victim's car because the victim had no money. A check of owners of automobiles matching the description provided by the victim led to appellant. At a photo lineup, live lineup and at trial, the victim positively identified appellant as the third participant in the robbery.
After being arrested and being advised of his Miranda rights, appellant claimed his car had been stolen and his mother had been driving him around while he attempted to recover his vehicle. At trial, over defense objection, the prosecutor elicited testimony that appellant failed to respond to the detectives' telling him that phone conversations to his mother and employer refuted this story, and appellant omitted mentioning an alibi for the time of the robbery.
Appellant presented testimony that he was at home celebrating with friends and relatives on Father's Day. Over defense objection, the state cross-examined his mother about why she did not mention appellant's alibi defense at a bond hearing at which she testified as a witness. After the jury returned a guilty verdict, the trial court sentenced appellant to 400 years' imprisonment and denied his motion for a new trial.
Appellant raises two issues on appeal wherein he contends the trial court erred in (1) admitting testimony from the detectives that were impermissible comments upon the exercise of his right to remain silent and (2) permitting cross-examination of his mother about her failure to mention appellant's alibi defense at a bond hearing. We find no error and affirm the conviction and sentence.
At one point in Detective Freshwater's testimony, the detective was asked: "Did the defendant ever tell you he couldn't have committed the robbery because he was at home at his mother's and father's at a Father's Day celebration?" The trial court overruled appellant's objection to this line of questioning. We agree.
The officer's testimony established that after receiving Miranda warnings, rather than remaining silent, Holmes freely made exculpatory statements. At no point thereafter did he unequivocally invoke his Fifth Amendment right to remain silent. The officer's testimony was a recounting of what transpired during the questioning rather than a comment on appellant's right to remain silent. See Minnis v. State, 505 So.2d 17 (Fla. 3d DCA 1987). Cf. Crawford v. State, 494 So.2d 311 (Fla. 4th DCA 1986). We distinguish Starr v. State, 518 So.2d 1389 (Fla. 4th DCA 1988), wherein Starr was never afforded the opportunity to invoke his right to remain silent as he was never given his Miranda warnings.
Nor do we find merit in appellant's allegation of error in permitting extensive cross-examination of his mother regarding her failure to assert appellant's alibi at his application for bond hearing. Whenever a witness takes the stand, they place their credibility in issue and wide latitude is given during cross-examination. Mendez v. State, 412 So.2d 965 (Fla. 2d DCA 1982); Baxter v. State, 294 So.2d 392 (Fla. 4th DCA), cert. denied, 303 So.2d 26 (Fla. 1974), cert. denied, 420 U.S. 981, 95 S.Ct. 1412, 43 L.Ed.2d 664 (1975). Here the cross-examination went to the credibility of the witness' testimony on direct examination providing appellant with an alibi, rather than to the fact that appellant failed to provide one. This is a significant difference. Failure to present an alibi at the earliest time possible certainly has a reflection on the credibility of both the witness and the alibi. The testimony is relevant and permissible. *826 United States v. Johns, 734 F.2d 657 (11th Cir.1984).
AFFIRMED.
STONE, WARNER and POLEN, JJ., concur.