688 So.2d 383 (1997)
Paulo McBEAN, Appellant,
v.
STATE of Florida, Appellee.
No. 95-3874.
District Court of Appeal of Florida, Fourth District.
February 5, 1997.
Rehearing Denied March 12, 1997.
*384 Richard L. Jorandby, Public Defender, and Cherry Grant, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Myra J. Fried, Assistant Attorney General, West Palm Beach, for appellee.
FARMER, Judge.
We reverse defendant's conviction because of the improper exclusion of evidence and remand for a new trial.
First, it was error to sustain the state's objection during the cross-examination of the witness Dunn as to discrepancies between her initial statement to the police at the time of the events and her trial testimony. The court thereby precluded any questioning as to a material matter that Dunn omitted in her initial statement to police but supplied in her trial testimony. Ordinarily, this kind of negative impeachment is not favored, but in this instance the omitted portion went to a material and important issue.
It is well settled that a witness may be impeached by a prior inconsistent statement, including an omission in a previous out-of-court statement about which the witness testifies at trial, if it is material and would naturally have been mentioned. § 90.608(1), Fla. Stat. (1995). See State v. Smith, 573 So.2d 306, 313 (Fla.1990) (citing Jenkins v. Anderson, 447 U.S. 231, 239, 100 S.Ct. 2124, 2129, 65 L.Ed.2d 86 (1980)).
In State v. Johnson, 284 So.2d 198 (Fla. 1973), the court noted that an inconsistent statement justifying inquiry into a police report "must be upon a crucial point and preferably upon a positive statement in such a report, which the witness at trial flatly refutes." 284 So.2d at 200. Although noting the preference for a positive statement, Johnson actually is an example of the admissibility of a negative one. The trial court there had ruled that a police report could not be used for impeachment, even though the arresting officer had omitted from it a material fact he had included in his trial testimony. The first district reversed the defendant's conviction, and the supreme court agreed with the district court's conclusion, holding that the matter was critical to the defense. Id. See also Harper v. State, 677 So.2d 72 (Fla. 4th DCA 1996) (affirming perjury conviction based on defendant's making up story about a woman striking him with her car, after determining trial court did not err by permitting negative impeachment of defense witness on a critical negative omission; witness was the investigating deputy, who, after agreeing she testified on deposition that the driver acknowledged striking defendant, was impeached with her initial incident report, in which witness had not attributed any statements to the driver); Holmes v. State, 565 So.2d 824 (Fla. 4th DCA *385 1990), rev. denied, 576 So.2d 287 (Fla.1991) (where defense witness gave alibi on direct examination, no error in permitting extensive cross-examination regarding failure to assert it at earlier hearing); McGee v. State, 570 So.2d 1079 (Fla. 3d DCA 1990), rev. denied, 582 So.2d 623 (Fla.1991) (where issue is self-defense, no error in permitting cross-examination about fact that statement given police after incident made no reference to a shot being fired before victim was stabbed, "a feature of [the] testimony at trial").
In contrast, where the impeachment testimony is noncritical and negative, it is properly excluded. E.g., Smith, 573 So.2d at 313 (finding witness's prior statements were not materially inconsistent with trial testimony); Jimenez v. State, 554 So.2d 15 (Fla. 3d DCA 1989) (no error, in conviction for possession and sale of cocaine, in trial court's denying defense opportunity to cross-examine police officer, who testified he observed defendant arrive at scene with silver box and exit with bag of cash on basis of failure to state he saw defendant carrying box in his police report).
The testimony of Dunn was material and was information one would expect Dunn to have reported to the police at the outset. Even though the jury found defendant guilty of the lesser charge of third degree murder, suggesting that they did not believe Dunn's statement, we do not believe that the error was harmless. As defendant suggests, the jury may have found Dunn's testimony probative of defendant's intention to perpetrate another felony, such as aggravated battery.
Second, it was error for the trial court to exclude certain testimony of defendant's expert witness. Defendant argues that the witness, a toxicologist, was qualified under the circumstances to render an opinion dealing with the effects of cocaine on decedent's mental state immediately before he was killed; and, he argues, that opinion would have corroborated defendant's testimony concerning the behavior of the decedent during the events in question.
Whether a witness is qualified as an expert is a determination within the sound discretion of the trial court, whose decision will not be reversed on appeal without a clear showing of error or clear abuse of discretion. Ramirez v. State, 542 So.2d 352, 355 (Fla. 1989), Executive Car & Truck Leasing, Inc. v. DeSerio, 468 So.2d 1027, 1028 (Fla. 4th DCA), rev. denied, 480 So.2d 1293 (Fla.1985). Likewise, the range of subjects about which an expert may testify in a particular trial is a matter within the trial court's discretion. Angrand v. Key, 657 So.2d 1146, 1148 (Fla. 1995). Although a trial court's decision on the qualifications of an expert ordinarily is conclusive, an appellate court can come to the opposite conclusion when it determines the trial court reached its decision by applying erroneous legal principles. Mathieu v. Schnitzer, 559 So.2d 1244 (Fla. 4th DCA), rev. dismissed, 570 So.2d 1306 (Fla.1990) (finding witness' experience qualified her as expert in accident reconstruction, although trial court found it inadequate); Lake Hosp. & Clinic, Inc. v. Silversmith, 551 So.2d 538, 545 (Fla. 4th DCA 1989), rev. denied, 563 So.2d 634 (Fla.1990) (trial court erred in determining that appellants' experts were not qualified to testify to JCAH standards because neither worked as JCAH surveyor or was certified as examiner for JCAH, though they were experienced in hospital administration and claimed special training or experience with JCAH standards).
Defendant points out that in Fridovich v. State, 489 So.2d 143 (Fla. 4th DCA), rev. denied, 496 So.2d 142 (Fla.1986), rev. denied, 500 So.2d 545 (Fla.1986), this court found reversible error when a medical examiner was not permitted to testify as to an opinion that the manner of the victim's death was consistent with accidental shooting, which in turn corroborated the defendant's testimony. We disagreed with the trial court's conclusion that the proposed opinion was not within the expertise of the expert, considering his education, experience, and familiarity with the circumstances of the shooting.
Defendant here proffered testimony as to the effects of cocaine ingestion on the behavior of the decedent. Ordinarily, a toxicologist is not competent to testify on the behavioral effects of cocaine ingestion. In Mullin v. State, 425 So.2d 219 (Fla. 2d DCA *386 1983), the court concluded the trial judge had improperly excluded the testimony of a neurologist, who was "qualified to testify to the medical effects of sniffing glue ... upon human behavior if he knew the effects," in a case in which such testimony could have negated the specific intent necessary for one of the crimes charged. State v. Weitz, 500 So.2d 657 (Fla. 1st DCA 1986), as clarified in State v. McClain, 525 So.2d 420, 423 (Fla. 1988), is a DUI case in which a toxicologist had testified that it was impossible to determine the defendant's degree of impairment from the presence of drugs in his urine.
In a recent DUI manslaughter case, State v. Tagner, 673 So.2d 57 (Fla. 4th DCA), rev. denied, 677 So.2d 841 (Fla.1996), we reversed an order granting a motion to suppress defendant's blood samples containing cocaine and ordered the trial court to determine whether the probative value was outweighed by danger of unfair prejudice. The case involved the testimony of a toxicologist who concluded that defendant was under the influence of cocaine and alcohol at the time of the accident; that the amount of cocaine in the defendant's blood was not a trace amount; that there is a euphoric feeling associated with cocaine use; and that cocaine decreases inhibitions and, especially when mixed with alcohol, affects critical judgment. 673 So.2d at 58.
In Burch v. State, 478 So.2d 1050 (Fla. 1985), the supreme court concluded that a trial court had abused its discretion in excluding a toxicologist's testimony that the PCP that defendant had ingested was known to have "substantial effects on the human body, including delirium, hallucinations, violent behavior, disorientation, and amnesia." 478 So.2d at 1051. The grounds for exclusion were that the toxicologist could not testify that the defendant had actually ingested PCP; other witnesses, however, had so testified in court. The supreme court determined that the exclusion effectively removed from the jury "the critical question of whether appellant was capable of forming a specific intent to commit first-degree murder." 478 So.2d at 1052.
Relying on Burch and Tagner, we conclude that the trial court here erred in finding that this toxicologist was not qualified to testify that persons who ingest cocaine can become hostile and paranoid. Moreover, we do not believe that the error can be considered harmless, as the case essentially came down to the credibility of the witnesses, and the excluded testimony would have tended to corroborate defendant's version of events, adding some plausibility to defendant's claim that decedent made an "unprovoked" attack on defendant.[1]
REVERSED AND REMANDED FOR NEW TRIAL.
POLEN, J., concurs.
STONE, J., dissents with opinion.
STONE, Judge, dissenting.
I would affirm, concluding on a review of the record that even if the trial court lacked discretion to make the two evidentiary rulings in question, any such error constitutes harmless error. I also note, as to the cross-examination of Dunn, that although the trial court did indicate at sidebar that negative impeachment would not be allowed as to what was not in the police report, Dunn had testified that she did not recall what she had told the police; the issue in question arising out of defense counsel's attempt to refresh her recollection. Neither is there any proffer as to any proposed testimony by the officer taking Dunn's statement.
NOTES
[1] We disagree with the state that defendant anyway succeeded in placing before the jury evidence that cocaine usage stimulates the central nervous system and can produce euphoria and psychotic behavior, because the trial court sustained the state's objection to that testimony.