736 So.2d 1263 (1999)
Jose Luis SANJURJO, Appellant,
v.
STATE of Florida, Appellee.
No. 98-3422.
District Court of Appeal of Florida, Fourth District.
July 14, 1999.
Richard L. Jorandby, Public Defender, and Cherry Grant, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Melynda Melear, Assistant Attorney General, West Palm Beach, for appellee.
KLEIN, J.
Appellant was convicted of robbery and appeals, arguing that the trial court erred in not allowing him to cross-examine the victim about a fact the victim testified to at trial, but which had been omitted from prior statements given by the victim. We reverse for a new trial.
According to the victim, the incident began when appellant had stepped out in front of the victim's moving vehicle. When the victim then pulled into a convenience store, appellant accosted him, threatened him with a knife, and took his wallet. The victim then went into the convenience store, and while he was on the telephone reporting the incident, appellant entered the store and returned the wallet with nothing missing.
Appellant acknowledged that he had accosted the victim in the parking lot of the convenience store and that he had struck the victim on the head. It was appellant's claim that the wallet had been on the ground, and, thinking it was his own, appellant had picked it up. When he realized it did not belong to him, he returned it to the victim.
At trial, the victim's version of what happened included the additional fact that the victim had tried to convince the appellant *1264 to take only the money that was in his wallet and not the wallet, but that the appellant had taken the entire wallet. On cross-examination appellant was attempting to point out inconsistencies between the victim's testimony in court and answers he had given on prior occasions. When he asked the victim about where, in his deposition, he said that he had tried to convince appellant to take only the money and not the wallet, the state objected on the ground that this was "negative impeachment." The trial court sustained the objection. Appellant's counsel then asked the victim how many statements he had given under oath, to which the victim replied that he had given about three. Appellant's counsel then asked why had the victim just remembered the part about taking the money and not the wallet, and the court again sustained the "negative impeachment" objection.
Section 90.608(1)(a), Florida Statutes (1997) recognizes the right to impeach a witness and attack his credibility with statements which are inconsistent with the witness's present testimony.
To be inconsistent, a prior statement must either directly contradict or materially differ from the expected testimony at trial. That includes allowing "witnesses to be impeached by their previous failure to state a fact in circumstances in which that fact naturally would have been asserted."
State v. Smith, 573 So.2d 306, 313 (Fla.1990)(quoting Jenkins v. Anderson, 447 U.S. 231, 239, 100 S.Ct. 2124, 2129, 65 L.Ed.2d 86 (1980)). See also McCormick, Evidence § 34 at 114-115 (4th Ed.1992); Charles W. Ehrhardt, Florida Evidence § 608.4 (1998 Edition). Accordingly, the state's objection that this was "negative impeachment" was not well taken, and the court erred in sustaining it.
We cannot agree with the state that the erroneous exclusion of this cross-examination was harmless, because of the importance of the victim's testimony and the unusual facts involving the return of the wallet with all its contents. Also the jury apparently did not believe that appellant had a knife, as the victim claimed, because it found appellant guilty only of robbery, not armed robbery. We therefore reverse and remand for a new trial.
WARNER, C.J., and TAYLOR, J., concur.