MAY, J.
The defendant appeals an order denying his motion for post-conviction relief, pursuant to Florida Rule of Criminal Procedure 3.850. He argues the trial court erred in denying the motion because his counsel was ineffective in failing to call two expert witnesses during his trial. We disagree and affirm.
The defendant was convicted of attempted felony murder and attempted robbery and sentenced to life imprisonment.[1] During the trial, the victim testified he had crack cocaine and about $1,700 in cash in his truck. The defendant entered the victim’s truck, at which time the victim noticed the defendant had a gun. When the victim tried to grab the gun, a struggle ensued and the victim was shot twice. The defendant jumped out of the truck and ran away.
On cross-examination, defense counsel asked the victim if he had consumed cocaine on the day of the shooting. The victim denied any cocaine use on that day. Defense counsel then attempted to impeach him by introducing a toxicology report showing the victim had cocaine in his system at the time of the shooting.
The court sustained the State’s objection finding the attempted impeachment to be on a collateral matter. The court explained that the report might have been admissible if there was an expert witness “telling you what the cocaine did in the system when it was ingested and what amounts.”
An eyewitness to the incident testified that he saw the defendant flag down the victim and get into the truck. The witness testified he was standing ten to fifteen feet away, but through the closed windows of the car he was able to hear the defendant tell the victim that “he wasn’t going to get up.”[2] He heard the shots and saw the defendant get out of the truck.
At the time of his arrest, the defendant told law enforcement that a struggle had occurred, but it was the victim who had the gun. He claimed self defense.
The defendant now argues his counsel was ineffective for failing to call two expert witnesses during his trial: (1) a toxicologist to justify the admission of the toxicology report; and (2) an audiologist to refute the eyewitness’s ability to hear what the defendant said inside the victim’s truck.
We recognize this court has previously reversed a conviction on direct appeal when the defendant was prevented from introducing the testimony of a toxicologist dealing with the effect of cocaine on the victim’s mental state. See McBean v. State, 688 So.2d 383 (Fla. 4th DCA 1997). However, we find McBean distinguishable.
*626 In McBean, the victim’s use of drugs was undisputed. In this ease, there was no proof the victim used drugs on the day of the incident and the defendant has not suggested how that fact could have been established. While the defense could have called a toxicologist to testify the victim had cocaine in his system, that testimony alone would not establish when the drugs were ingested. Without proof of when the drugs were ingested, the defense could not have called an expert to testify to the effect of the drugs on the victim at the time of the shooting.
With regard to the audiologist, we find, as did the trial court, that the statement overheard by the witness was not so prejudicial that impeachment on his ability to hear would have affected the outcome of the trial. Furthermore, it is questionable whether such an expert should have testified because the range of normal hearing is an issue easily understood by the members of the jury.
To establish ineffective assistance of counsel, the defendant must satisfy the two-prong test of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). First, he must establish that counsel’s performance was deficient. Second, he must show prejudice. We agree with the trial court that neither of these prongs were satisfied. The trial court properly denied the motion for post-conviction relief. We affirm.
POLEN, J., concurs.
FARMER, J., concurs specially with opinion.

. This court per curiam affirmed his conviction and sentence in Pray v. State, 833 So.2d 149 (Fla. 4th DCA 2002).

. On cross-examination, the witness testified he was standing five to ten feet from the truck.