FARMER, J.,
concurring specially.
I concur in the outcome only because this issue arises on post conviction relief rather than on direct appeal. Even though I think the direct appeal should have resulted in a reversal because of the trial judge’s exclusion of cross examination of the witness as to the use of cocaine, that does not mean that this issue would have the same import on an appeal from a denial of post conviction relief.
On post conviction relief, all the presumptions are in favor of the conviction. Defendant had the burden of showing that trial counsel’s failure to have an expert toxicologist available to testify was both beneath the standard of practice and measurably affected the outcome. On appeal from the denial of relief, I cannot say the decision is clearly wrong.
I do not agree that in this context the result could be meaningfully distinguished from McBean v. State, 688 So.2d 383 (Fla. 4th DCA 1997), on the basis suggested. We must not lose sight of the fact that this was cross examination, in which the defendant is given broad latitude to create doubts about guilt. The report in hand, used effectively during cross examination of the witness, might well have elicited contradictory or unsatisfactory responses from the witness, throwing his credibility and reliability seriously into doubt. Such doubts might have been crucial to the verdict. An expert might well be necessary to convict where the issue of guilt hinges on the timing of the presence of cocaine. But for impeachment purposes we should indulge in no such punctilio.
On this basis I join in the affirmance.