DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**RYMSLEY DEVALON,**
Appellant,

v.

**ISISS SUTTON,**
Appellee.

No. 4D21-3257

[July 27, 2022]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Michael Davis, Judge; L.T. Case No. DVCE21-005173.

Rymsley Devalon, Sunrise, pro se.

No appearance for appellee.

GROSS, J.

Rymsley Devalon appeals a final judgment of injunction for protection against domestic violence entered in favor of his child's mother, Isiss Sutton. We reverse, as the trial court failed to consider a police report about the incident solely because the court erroneously believed that appellant had not filed it in the court record.

Following a domestic dispute on July 30, 2021, Sutton filed a petition for an injunction against appellant for protection against domestic violence. Appellant later submitted a Notice of Filing to the court, attaching a police report about the July 30th incident.

The police report characterized appellant as the victim of an aggravated assault perpetrated by Sutton's brother. The police report included a statement by Sutton wherein she described the incident as an altercation concerning appellant's refusal to give her their child, which culminated in Sutton's brother shooting at appellant.

The trial court held a final hearing on the petition over a Zoom video conference. Sutton gave the following testimony regarding appellant's conduct during the altercation in question: "He got extremely upset and

screamed, 'I'm going to fucking kill you.' He then proceeded, with my baby in his hands, to pull out a gun and cock it back at me while holding my baby." She also testified that "had I not been quick to grab it and run out the house to call the police, I don't know if I'd be sitting here talking to you today to be honest." However, nowhere in her statement to police did she mention that appellant threatened her with a gun.

Appellant testified and accused Sutton of lying. Appellant suggested that Sutton was trying to get him to drop the charges against her brother. Appellant wanted the judge to consider the police report about the incident, but the judge could not locate it in the court file. Contrary to the judge's belief, however, the record reflects that appellant filed the police report with the court prior to the final hearing.

At the conclusion of the hearing, the trial court granted Sutton's petition for an injunction, relying upon her testimony that appellant pointed a firearm at her. This appeal ensued.

On appeal, appellant primarily argues that the trial court improperly failed to take into consideration important evidence—namely, the police report. Under the circumstances of this case, we agree.

"The standard of review for evidentiary rulings is abuse of discretion, limited by the rules of evidence." *Bank of N.Y. v. Calloway*, 157 So. 3d 1064, 1069 (Fla. 4th DCA 2015).

Here, the trial court failed to consider the police report, because the court erroneously believed that the police report had not been filed in the record. Importantly, Sutton never raised any evidentiary objection to the court considering the police report, so the court could have admitted it into evidence by virtue of Sutton's failure to object. *See Adamson v. R.J. Reynolds Tobacco Co.*, 325 So. 3d 887, 900 (Fla. 4th DCA 2021) (explaining that "hearsay received without objection becomes part of the evidence in the case and is usable as proof just as any other evidence, limited only by its rational, persuasive power") (internal quotation marks omitted).

And Sutton's statement contained within the police report would have been admissible either as a party admission or for impeachment purposes. *See* § 90.803(18)(a), Fla. Stat. (2021) (providing a hearsay exception where a statement is offered against a party and is "[t]he party's own statement"); *Davis v. State*, 756 So. 2d 205, 207 (Fla. 4th DCA 2000) (explaining that "impeachment via an inconsistent prior statement has been held to include impeachment with prior *material* omissions"); *McBean v. State*, 688 So. 2d 383, 384 (Fla. 4th DCA 1997) ("It is well settled that a witness

2

may be impeached by a prior inconsistent statement, including an omission in a previous out-of-court statement about which the witness testifies at trial, *if* it is material and would naturally have been mentioned.").

Here, Sutton's statement to police—which contained no mention of appellant pulling a gun on her—was inconsistent with her testimony at the final hearing. Sutton's omission of this detail in her prior statement was undeniably material. Moreover, the police report indicated that the 911 caller was a neighbor, which raises doubts about Sutton's testimony that she ran "out the house to call the police."

The trial court's failure to consider the police report was not harmless error. Because Sutton's prior statement could have affected the trial court's determination of her credibility, we cannot say that there is "no reasonable possibility that the error contributed" to the judgment. *Special v. W. Boca Med. Ctr.*, 160 So. 3d 1251, 1256 (Fla. 2014). Accordingly, we reverse the injunction and remand for further proceedings.

*Reversed and remanded.*

WARNER and KUNTZ, JJ., concur.

*       *       *

***Not final until disposition of timely filed motion for rehearing.***

3